# COURT OF APPEALS.

HENRY W. HART *et al,* appellants, agt. GEORGE HOFFMAN, respondent.

Where a *broker,* employed to sell real estate, procures a party willing to purchase on the owner's terms, and the owner refuses to convey to the party so procured, the law will *presume* in the absence of evidence to the contrary, that the person so procured was *solvent* and pecuniarily able to perform the contract he offered to make. Solvency, not insolvency, is presumed in the absence of proof on the subject.

*Submitted and decided October,* 1870.

THE plaintiffs sued, in the New York court of common pleas, to recover brokerage for procuring one Moses as a purchaser for a stable belonging to the defendant, situate in the city of New York. Moses, a person procured by the broker, offered to purchase on the owner's terms, and the owner, on being informed of the fact, refused to convey on the ground that a month had elapsed since the broker's employment to sell, and that the owner had advanced his price and had forgotten to inform the broker of it. The plaintiffs, thereupon, brought suit.

The answer was substantially a general denial; and on the trial evidence was given proving the broker's employment, the procuring of Moses as a purchaser on the owner's terms, and the defendants refusal to convey, and the amount of brokerage due.

Whereupon the plaintiffs rested their case, and the defendant's counsel moved to dismiss the plaintiffs' complaint on two grounds.

*First.* That there was no contract in writing ever made between the owner and the proposed purchaser; and

*Second.* That the plaintiffs had proved no cause of action. The court, thereupon, dismissed the complaint on the second ground, assigning as a reason that the plaintiffs had failed to show that Moses, the purchaser procured, was pecuniarily able as well as willing to perform the contract he offered to make; and the general term of the common pleas, on appeal, affirmed the judgment, whereupon the plaintiffs appealed to the court of appeals.

DAVID MCADAM, *for appellants.*
A. H. REAVEY, *for respondent.*

*By the court,* PECKHAM, *J.*—From the papers it is difficult to discover the precise ground upon which the court, at the trial, dismissed this complaint.

When the plaintiffs rested their case the defendant moved to dismiss : because first, there was no contract in writing between the contracting purchaser Moses and the defendant. Second, the plaintiffs had proved no cause of action.

On the second ground the court dismissed the complaint. Thus the court virtually repudiated the first ground; but upon some other defect not stated or alluded to on the trial, the complaint was dismissed. We think the court erred in this. An employment of the plaintiffs as brokers by defendant to sell a piece of his real estate at a certain price, the finding of a purchaser by the plaintiffs at the price agreed upon and notifying the defendant thereof, and of the time when and where the purchase would be completed, all appearing at the appointed time to complete the purchase, and while waiting for the defendant a letter is then received from him declining to sell at the price authorized and agreed upon, and advancing $2,000 upon the previous price. For this reason the sale fell through. So far as the case discloses, the whole cause of the failure to consummate the sale was the refusal of the defendant to fulfull the contract he had authorized to be made.

The defendant's counsel now insists that the testimony at the trial showed that the purchaser whom the plaintiff's found, was insolvent and unable to fufill the contract, if one had been made, and that upon that ground the complaint was dismissed. No such point was taken on the trial, nor was there any such proof. The proposd purchaser was at the appointed place, ready, as he said, to carry out the purchase, ready with the money, as he said, to make the payment agreed upon, when the refusal from the defendant was received. Obviously the solvency or the insolvency of the proposed purchaser had nothing to do with preventing the sale. The undisputed testimony at the trial was that the defendant never disputed the right of the plaintiff's to brokerage. He always conceded it.

The testimony was abundantly sufficient, not only to authorize, but to require a recovery. Besides, as the case stood, the solvency of the proposed purchaser was *prima facia* established. Solvency, not insolvency, is presumed in the absence of proof on the subject, as a promissory note is presumed to be collectable in the absence of proof to the contrary (*Ingalls* agt. *Lord*, 1 *Cow.*, 240; *Potter* agt. *The Merchant's Bank of Albany*, 28 *N. Y.*, 641).

The judgment is reversed, and new trial ordered, costs to abide the event.

All the judges concurring.