POLYDORE DUCLOS, Respondent, v. WILLIAM T. CUNNINGHAM et al., Appellants.

Where a broker, employed to effect a sale of property, has found a purchaser of sufficient responsibility willing to take upon the terms named, he has performed his contract and is entitled to his commissions.

If a broker is required to furnish the vendor with the name of the purchaser as a condition precedent to his right to recover commissions, when the vendor interposes no objection on that ground but absolutely disaffirms the sale, he thereby waives the right to insist upon the condition.

(Argued April 15, 1886 ; decided April 30, 1886.)

THIS action was brought to recover commissions alleged to have been earned by plaintiff as defendants' broker, in effecting a sale of a quantity of prunes.

The following is an abstract from the opinion :

" On being advised thereof (of the sale), defendants repudiated the contract on the ground that the plaintiff had no authority to sell at any other time than on the day when the contract was entered into, stating that they were not sellers on the day of the sale under seven and three-quarters cents.

" The defendants insist, that the telegram sent by the plaintiff to them as to the sale, not having stated the name of the purchaser, the minds of the parties did not meet and no valid contract was made which was binding on the parties. We think there is no force in this position. No such objection was taken at the time by the defendants, and had it been, the difficulty no doubt would have been obviated at once by the plaintiff disclosing the name of the purchaser. Even if ordinarily a broker is required to furnish the name of the purchaser as a condition precedent to his right to claim commissions on the sale, as the defendants interposed no objection on that ground and absolutely disavowed the sale, they waived the right to insist upon any such condition. The rule no doubt is that when a broker, employed to effect a sale, has found a purchaser willing to take upon the terms named and of sufficient responsibility, he has performed his contract and is entitled to the commissions agreed upon, and the rule claimed, that the minds of the parties did not meet, has no application."

*Charles Edward Souther* for appellant.

*James M. Smith* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Judgment affirmed.