Nehrbas, J.
The complaint was properly dismissed as to the defendant Joseph Veith. No employment by him was shown. All the interviews were had with his wife, Maria, and he was present for the first time when the purchaser, Levy, was produced, and then he declined to sell at the price offered.
No authority was proved in the wife to bind her husband. Her mere statement that her husband would sell at a certain figure is not evidence that she was authorized to make him liable to pay commissions. Nor can it be said that a wife has any implied authority to bind her husband in the disposition of his real estate. Harper v. Goodal, 10 Abb. N. C., 161.
To entitle plaintiff to recover, he must show an employment by the person to be charged, or by his duly authorized agent, and in the absence of such proof his action must fail. In the case at bar neither was established, and consequently the non-suit was proper.
With reference to the defendant, Maria M. Veith,' we think the trial judge erred in dismissing the complaint. She employed the plaintiff to procure for her a purchaser for the property referred to for the sum of $17,170, out of which she agreed to pay plaintiff $170 commissions. The plaintiff obtained and introduced a purchaser, and thus earned, his commissions. The fact that she was not the *740 owner of the premises is immaterial. A broker is not required to search his customer’s title to the property, but-may assume that her title thereto is perfect. He relies upon his employment, and his only duty is to comply with the terms thereof, by producing a purchaser ready, willing; and able to take the property upon the vendor’s terms. When an agent assumes to act for an owner he must see to it that his principal is legally bound by his act, and if he-does not give a right of action against his principal the law holds him personally responsible. Smith v. Teets, 1 City Ct. Rep., 457, and cases cited.
The next ground upon which the complaint was dismissed as to the defendant Maria M. Veith, seems to us to-be equally untenable. The purchaser Levy stated that he-had a certified check to pay on account, but the defendant declined to receive it, and refused to part with the property for less than $18,000, an advance of nearly $1,000 on the price given by her to the broker at the outset. This refusal rendered useless any exhibition or tender of the check, or any assurance of the purchaser’s readiness or ability to comply with the terms proposed to him, and the burden of proving his inability was shifted on the defendant. Moreover, the purchaser’s ability is generally presumed, unless-the contrary appear. Simonson v. Kissick, 4 Daly, 145;. Hart v. Hoffman, 44 How. Pr., 168; Phelan v. Schell, 19 Weekly Dig., 49.
The sale fell through for the reason that the defendant advanced upon her price, and not because of any supposed insolvency of the would -be purchaser.
The plaintiff having made out a prima facie case against the defendant Maria M. Veith, the granting of the nonsuit was error.
The judgment in favor of the defendant Joseph Veith will be affirmed, with costs, and that in favor of the defendant Maria M. Veith will be reversed and a new trial granted, with costs to abide the event.
Hall and Browne, JJ., concur.