## CONDICT *v.* COWDREY.

*(Superior Court of New York City, General Term. May 6, 1889.)*

1. FACTORS AND BROKERS—REAL-ESTATE AGENTS—COMMISSIONS.

A promise to pay a broker for selling land, a commission "on the price I may accept, * * * if sold through your agency," means a commission on the price agreed to be paid for the property, and not only on the amount actually paid.

**2. SAME.**

Where a real-estate broker, employed to sell land, finds a purchaser whose offer is accepted by the vendor, but who afterwards refuses to complete the contract because of alleged misrepresentations by the vendor, the broker's duty is fully performed, and he is entitled to his commissions.

Appeal from jury term.

Action by Jonathan D. Condict against Jane H. Cowdrey for commissions earned as a broker. Defendant appeals from judgment entered on verdict in favor of plaintiff, rendered by direction of the court, and from the order denying her motion for a new trial upon the minutes.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*Arthur C. Butts,* for appellant. *Henry G. Atwater,* for respondent.

O'GORMAN, J. This action is brought by the plaintiff, a real-estate broker, to recover from the defendant the amount of certain commissions which he claims to have earned in her employment. The defendant admits the employment, but denies that his services had produced a sale of the property, and contends that such a result was necessary to entitle him to receive any commissions. The law as to the rights and duties of brokers has been the subject of numerous decisions of the courts of this state, and may be regarded as, in great part, settled by the current of authority. The duty the broker undertakes,—the obligation he assumes,—as a condition of his right to demand commissions, is to bring the buyer and seller to an agreement. In that, all the authorities substantially concur. The true definition of a broker seems to be that he is an agent employed to make bargains and contracts between other persons for a compensation. The duty of a broker consists in bringing the minds of the vendor and vendee to an agreement. He must produce a purchaser ready and willing to enter into a contract on the employer's terms. This implies the agreement of the buyer and the seller; the meeting of their minds produced by the agency of the broker. The commissions are earned when the broker produces to his principal a party with whom the owner is satisfied, and who contracts for the purchase at an acceptable price. *Sibbald* v. *Iron Co.,* 83 N. Y. 381, 382.

The contention of the defendant in the case at bar is that, by special contract with the plaintiff, she became liable for payment of commissions only when the contract of sale of her property was fully carried out, and the purchase money actually received by her. This proposition is not sustained by any evidence produced on her behalf. Her letter to the plaintiff of May 10, 1887, properly interpreted and understood, does not bear such a construction. The words in that letter, "the price I may accept" for the land, are similar to those used in one of the opinions above cited. There the words "acceptable price" clearly mean price or rate of payment satisfactory to the vendor, and do not mean money actually paid in consummation of the sale. The words in the letter, "if sold through your agency," must be understood as meaning if a valid agreement for the sale of the property has been entered into between the defendant and a person or persons ready and willing to purchase, and with whom the defendant was satisfied.

The oral testimony on the part of the defendant, for the purpose of proving a collateral verbal agreement, in accordance with the alleged real intent of the defendant, differing from that which the language of her letter expressed, was quite insufficient. A valid agreement was, in fact, entered into by persons ready and willing to purchase the property; and defendant received from them, in part payment, cash and the deposit of certain securities, to be forfeited to her in case of their failure to carry out their agreement; and these persons were introduced to the defendant by the plaintiff, and his action was the procuring cause of that contract. The fact that they subsequently refused to carry out that contract on the ground of alleged false representations made by the defendant here through her agent Dickson, and that a litigation on the

subject is now pending between them and the defendant, in no degree affects the rights of the plaintiff. His duty was performed, and his compensation was earned, when the minds of his employer and of the persons then ready and willing to purchase, had met, and a binding agreement had been made between them. *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. Rep. 790; *Knapp* v. *Wallace*, 41 N. Y. 479. No error was committed by the trial judge, and the judgment in favor of the plaintiff must be affirmed, with costs.

SEDGWICK, C. J., concurs.