## KALLEY *et al. v.* BAKER.

*(City Court of Brooklyn, General Term.* February 24, 1890.)

FACTORS AND BROKERS—EXCHANGE OF REAL ESTATE—COMMISSIONS.

Where an owner of real estate, which he desires to exchange, states to the broker, "if the exchange is made, I will pay a commission," the broker earns the commission by procuring a party ready to sign a contract for the exchange.

Appeal from trial term.

An action by Julius N. Kalley and others against Frederick Baker to recover commissions earned by effecting an exchange of defendant's real estate. Verdict and judgment for plaintiffs. Defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Abbott Bros.,* for appellant. *W. J. Gaynor,* for respondents.

CLEMENT, C. J. We are of opinion that, on the testimony in this case, there was no disputed question of fact to be submitted to the jury, and that a verdict should have been directed for the plaintiffs. J. N. Kalley, one of the plaintiffs, and the defendant, Baker, substantially agree as to the contract be-

tween them.  Mr. Baker testifies that he told Mr. Kalley, if he (Kalley) could exchange his (Baker's) property, free and clear, for the Remsen-Street flat, subject to mortgages of $55,000, he would do so, and that, if the exchange was made, he would pay Kalley a commission; and Mr. Kalley also gives the same testimony.  The defendant contends that the words, "if the exchange is made, I will pay a commission," mean, "if the deeds are passed on an exchange, a commission will be paid."  Suppose a broker is employed to sell a house, and the party selling uses the words to the broker: "If my house is sold, I will pay you a commission."  Under such words, if the broker procured a party ready to sign a contract of purchase, he would then be entitled to a commission.  *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. Rep. 790; *Sibbald* v. *Iron Co.*, 83 N. Y. 378.  We see no reason why the same rule does not apply to brokerage on an exchange.  So far as the broker is concerned, the exchange is made when the contract is signed.

There was no allegation in the answer that there was any fraud on the part of the plaintiffs, or that Henry C. Humphrey was irresponsible; and the only question in the case was as to the performance or non-performance of the contract by the plaintiffs.  Judgment and order denying new trial affirmed, with costs.