## MULLENHOFF v. GENSLER.

*(Superior Court of Buffalo, General Term.    July 16, 1891.)*

REAL-ESTATE AGENTS—RIGHT TO COMMISSIONS.

Defendant authorized plaintiff to sell a piece of property for him, his proposal being "to sell for $10,000 if a purchaser were produced with $10,000 the next morning." Plaintiff produced a person who wanted to buy it for $10,000, and who could pay cash for it if given about 30 days to raise the money upon his property already owned. *Held*, in an action to recover commissions, that plaintiff did not produce a party able, willing, and ready to accept defendant's offer, and was not entitled to commissions. Distinguishing *Hart* v. *Hoffman*, 44 How. Pr. 168, and *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. Rep. 790.

Appeal from special term.

Action by Leopold Mullenhoff against Frederick Gensler. From an order denying a motion made by defendant for a new trial, defendant appeals.

Argued before BECKWITH, C. J., and HATCH, J.

*Norton Bros.*, for appellant. *F. R. March*, for respondent.

PER CURIAM. We think the conditions upon which a broker is entitled to commissions were correctly stated by this court in *Slater* v. *Holt*, 10 N. Y. St. Rep. 257: "The question whether a broker is entitled to commissions turns on the inquiry whether the things he has done, while his agency continues, have brought forth a party able, willing, and ready to accept the owner's offer of sale." If the respondent did not produce such a party, he was not entitled to commissions, and, if he failed on the trial to make it appear that he produced a purchaser answering those requirements, a new trial should be granted. The inquiry here is one as to evidence. Simon, the proposed purchaser, on his direct examination testified: "When we were at Herman's, I said, 'Gensler, I heard you wanted to sell your house for $10,000; I want to buy it.' I placed $25 in bills on the counter, and he shoved it back, and said: 'I don't want to sell it.' I was ready to buy it for $10,000, and ready to give him the cash for it, if I had had about thirty days' time. The $25 was for the purpose of binding the bargain. I was willing to make the bargain at that time, and went there for that purpose, and Mr. Mullenhoff got me to go there." On his cross-examination he said: "Mullenhoff told me I could buy Gensler's property for $10,000. I considered it worth about $18,-000, and was ready in a minute to buy it for $10,000. When we were in Herman's place I said to Gensler that I heard that he wanted to sell his property for $10,000, and, if that were so, I wanted to buy it. I had $25 to bind the bargain. I made no offer to purchase at any other price than $10,-000. I saw he did not want to sell, and that settled the matter. I did not have $10,000 in my pocket nor in the bank, but I have property enough, and could raise it any time; but when I found it was not for sale for $10,000, I did not wish to make a bargain." According to the respondent's own testimony, Gensler's offer was to sell for $10,000 if Mullenhoff would produce a purchaser with $10,000 cash the next morning. Even if the construction to be put upon the offer was that a party should be produced the next morning with $10,000,—that is to say, able to pay $10,000,—the true meaning would seem to be that a purchaser should be produced able to pay $10,000 as soon as conveyances could be prepared and the negotiations concluded. Now, according to Simon, when he proposed to buy, Gensler told him he did not want to sell. In *Hart* v. *Hoffman*, 44 How. Pr. 168, the court of appeals held that it was not necessary, under the circumstances of that case, for the plaintiff to prove that the party produced as a purchaser had the pecuniary ability to conclude the trade. But the decision was not intended to qualify the rule that the broker must produce a purchaser "of sufficient ability." *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. Rep. 790. In *Hart* v. *Hoffman* the agent produced a purchaser, who, on being presented to the owner, stated

that he was ready to buy the property. Without inquiry or objection, the owner absolutely refused to sell. Under such circumstances, no proof being offered or called for on the subject, it was simply held that it was to be presumed the purchaser was able to close the trade. There the broker's case, which embraced the necessity of showing he had produced a party pecuniarily able to buy, was made out by a presumption of law in the place of testimony. But, in the case before us, testimony was given on the subject, and it appears that the purchaser, in his own opinion, would be able to conclude the trade after about 30 days. He testified that he had property enough to enable him to raise the $10,000 at any time. He meant that he could raise the money by loan or otherwise out of his property. That evidently implied negotiations and the lapse of an indefinite period of time,—it is fair to suppose, as much time as he stated, namely, about 30 days. The defendant's offer was to sell if a man was produced the next day with $10,000 cash. We think the plaintiff's proof as to the ability of the purchaser to close the trade without delay was defective. It should appear in some way, in order to sustain the broker's claim, that the party produced as a purchaser is "of sufficient responsibility,"—is financially able to complete the purchase according to the terms of the owner's offer, including the point of time. That is essential to recovery, although in many reported cases the fact seems to have been conceded or established by presumptive evidence. A new trial should be granted.