### GERDING *v.* HASKIN.

(New York Superior Court — General Term, January, 1893.)

In an action to recover brokerage for procuring a purchaser for defendant's property, the plaintiff proved his employment to sell ; that he found a purchaser to buy on the owner's terms, and that defendants ultimately refused to consummate the sale. The jury found for plaintiff. *Held*, proper ; that as there was no proof of inability on the part of the proposed purchaser to perform his contract, ability would be presumed.

It is not proper to refer to the testimony of a witness and ask the court to charge that if the jury believe the witness they must find in a certain way, or that a certain conclusion follows, as it prevents the jury from determining what facts are established by the witness' evidence.

APPEAL by the defendants from a judgment entered on a verdict rendered in favor of the plaintiff, and from an order denying a motion made by the defendants for a new trial. The opinion states the case.

*Abel Crook*, for defendants (appellants).

*C. Bainbridge Smith* and *J. Tracey Langan*, for plaintiff (respondent).

McADAM, J. The action is to recover brokerage for procuring a purchaser for property of the defendants (owned as tenants in common), and known as the Ryer farm, at East

Tremont, N. Y. The plaintiff alleged and proved his employ-
ment to sell for $110,000. (2) That he found purchasers
willing to buy on the owners' terms, and (3) that the defend-
ants ultimately refused to consummate the sale. The jury
found for the plaintiff and awarded him the usual brokerage
of one per cent. The conditions upon which brokerage is
earned are not disputed, and the law in regard thereto too well
settled to require reiteration. It is sufficient to say without
recapitulating it, that the evidence sustains the findings of the
jury, a circumstance which requires us to consider with care
the specific objections urged against the recovery. *First.* It
is claimed that one tenant in common cannot bind his cotenant
to sell property or perform any duties in respect thereto.
*Van Doren* v. *Balty,* 11 Hun, 241; *Bowman* v. *Travis,* 54
N. Y. 640; *McLean* v. *McLean,* 96 id. 655; *Tuers* v. *Tuers,*
100 id. 200. The answer to this is that the evidence suf-
ficiently shows a joint employment by both defendants.
*Second.* That the proposed purchaser must be able as well as
willing to perform. *Duclos* v. *Cunningham,* 102 N. Y. 678.
This is true, but ability to perform is presumed in the absence
of evidence to the contrary, and there was no proof of ina-
bility here. *Hart* v. *Hoffman,* 44 How. Pr. 168. *Third.*
The defendants rely upon two exceptions; one, to the refusal
to dismiss the complaint, which is without merit, because the
case on the conflicting evidence presented questions which the
jury alone could lawfully determine; the other is to the
refusal of the trial judge to charge that, "if the jury accepted
the defendant Tappan's testimony, that no commission should
be paid until the deed actually passed, no verdict could be
rendered for the plaintiff." The trial judge had already
instructed the jury that, although a broker becomes entitled to
the usual commissions when he brings a purchaser to the
owner who is able and willing to take the property, "this may
be varied by express agreement." This was stating the law
as clearly as the defendants were entitled to have it put. The
defendants framed their request in a form which could not be
charged, for, as the Court of Appeals said in *Dolan* v. *Dela-*

*ware & Hudson C. Co.*, 71 N. Y. 285, "it is not proper to refer to the testimony of a witness and ask the court to charge that if the jury believe the witness they must find in a certain way, or that a certain conclusion follows," as it prevents the jury from determining what facts are established by the witness' evidence. See also *McGrath* v. *Met. L. I. Co.*, 6 N. Y. St. Repr. 376. This disposes of all there is to this case, and as no error was committed to the prejudice of the defendants, it follows that the judgment and order appealed from must be affirmed, with costs.

GILDERSLEEVE, J., concurs.

Judgment and order affirmed.