### SIMPSON v. SMITH.

(Supreme Court, Appellate Term.　October, 1901.)

REAL ESTATE AGENT—PROSPECTIVE PURCHASER—RIGHTS OF PRINCIPAL.
　　　Though one who has employed an agent to negotiate a sale of realty is entitled to information as to the identity of a prospective purchaser, to whom he is to be introduced for the purpose of consummating a contract of sale, he may waive his right to such information.

Appeal from municipal court, borough of Manhattan, Second district.

Action by John Simpson against John Smith.　From a judgment in favor of plaintiff, defendant appeals.　Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Willis B. Dowd, for appellant.
Charles L. Livingston, for respondent.

74 N.Y.S.—54

MacLEAN, J. The defendant having made a motion to dismiss the complaint herein at the close of the plaintiff's case on the ground that the facts stated did not constitute a cause of action, and the justice having decided the motion adversely to the defendant, it was stipulated that the opposing testimony given by the defendant should be considered as withdrawn, and that judgment might be rendered against the defendant, subject to a renewal of the motion to dismiss on the ground mentioned. "The facts stated" were the employment by the defendant to obtain a purchaser of his property at $35,-000; a statement by the defendant, when informed a purchaser had been found, that he would sell, would meet the plaintiff and purchaser at the place and hour appointed for the completion of the bargain, and that the plaintiff might consider the deal closed; the nonappearance of the defendant; and the production then and there, nevertheless, of his ready, able, and willing purchaser. It is the law that the seller is entitled to know who the proposed purchaser was, and with whom he was expected to enter into contract. Gerding v. Haskin, 141 N. Y. 514, 519, 36 N. E. 601. It was competent for him, however, to relinquish this right, as he did, when he waived the production, or, so to say, tendering, of the intending purchaser and the consequent information. Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790.

Judgment affirmed, with costs. All concur.