## MICHAELIS v. ROFFMANN.

(City Court of New York, General Term. January, 1902.)

REAL ESTATE AGENT—COMMISSIONS—WHEN EARNED.

    Where a real estate agent, employed to purchase certain property, secures an offer from the owner to sell at a price and on terms which are accepted by the intended purchaser, the agent has earned his commissions, though the sale is not completed because the purchaser subsequently demands a reduction in the price.[1]

Appeal from trial term.

Action by Edward Michaelis against Charles Roffmann. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

M. C. Gross, for appellant.

J. Campbell Thompson (A. B. Cole, of counsel), for respondent.

FITZSIMONS, C. J. The plaintiff, a real estate broker, was employed by defendant to purchase premises No. 146 Forsyth street, in this city. He succeeded in inducing the owner thereof to sell said premises for the sum of $35,500, which was accepted by defendant, who instructed plaintiff that he was willing to pay said price all in cash over and above the first mortgage, no matter what the amount of said mortgage was. A day was fixed to sign the usual contract. But before such day arrived, defendant said that he would not sign the contract unless the seller would deduct $500 from the agreed purchase price, because defendant had ascertained that the repairs which he contemplated making in said premises would cost more than he had estimated. The seller refused to make such reduction, and the defendant refused to purchase. The plaintiff, under these circumstances, was entitled to his commission, which he had demanded, and payment was refused. The record shows that the minds of the parties had met. Plaintiff, as defendant's broker, had induced the seller to part with said premises for the sum mentioned, which, by the way, was the price that defendant had instructed plaintiff to offer, and which he was willing to pay all in cash, deducting therefrom the amount of

[1] See Brokers, vol. 8, Cent. Dig. §§ 73, 75, 91, 94.

the first mortgage. Thus plaintiff accomplished all that he was required to do. Surely he was then entitled to his wages, and defendant's refusal to carry out this agreement in no wise affected plaintiff's rights to recover the same. The appellant herein contends that because the parties never came together, or knew of or saw each other, plaintiff did not earn his commission. Such is not the law. All that plaintiff was required to do was to induce the seller to sell at a price agreeable to defendant. This duty he performed. As to the manner of the payment of the purchase price, that was also fixed to suit defendant, because he said that he would pay all cash over the mortgage thereon, no matter how large or small it was in amount. Defendant did not refuse to consummate his agreement because of the amount of said mortgage, but solely because he was not successful in having $500 deducted from the price which he had agreed to pay. The judgment must be affirmed, with costs to respondent.

Judgment affirmed, with costs to respondent. All concur.