(57 Misc. Rep. 381.)

### KAHN et al. v. VERSCHLEISER.

(City Court of New York, Special Term.   January, 1908.)

BROKERS—ACTION FOR COMMISSIONS—COMPLAINT.

Plaintiff sued to recover commissions for effecting an exchange of property.   The contract provided that the property conveyed by one of the parties was to be subject to a mortgage, as by agreement to be made between the parties.   There was no allegation that such agreement was

ever made, or that there was ever an actual conveyance. *Held,* that the complaint did not state a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 91.]

Action by Herman Kahn and others against Max Verschleiser. Demurrer to complaint sustained.

Philip J. Knobloch, for plaintiffs.

Frankenthaler & Sapensky, for defendant.

GREEN, J. This action is brought by reason of and upon the written contract which plaintiff claims the purchaser entered into with the defendant. The defendant demurs upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Where an exchange of property is contracted for in order to entitle the broker to commission, the contract must be an enforceable one. In the contract in question, among other provisions relating to the terms of the exchange, is the provision that the premises to be conveyed by one of the parties mentioned in the contract is to be subject to "a second mortgage of $37,000 for fifteen years, the details of which are to be arranged between the parties," and no allegation appears that such were ever arranged or that the contract ripened into an actual conveyance. Before the plaintiff can recover, he must show that he brought a party as a purchaser who was ready, able, and willing to make the purchase, and that the terms were agreed upon between the parties. In view of the provision of the written contract that the details of the $15,000 second mortgage were to be arranged between the parties, can it be said there was a meeting of the minds or that the terms were agreed upon? The party may have demanded 6 per cent. on the mortgage and the other may have been willing to pay only 4, or demand may have been made that the mortgage be paid off in installments, because it must be remembered that it was a 15-year mortgage, and the other party may have refused, and in view of this fact it cannot be said that the broker brought a person who was ready, able, and willing to make the exchange upon the terms agreed upon, for upon the face of the written contract some of the most important details have not been agreed upon. I am of the opinion that the contract was not an enforceable one, and consequently that the complaint does not state facts sufficient to constitute a cause of action, and the demurrer must be sustained, with costs, with leave to plaintiff to plead anew within six days upon payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to plead anew within six days upon payment of costs.