## MORRISON v. TUSKA.

(Supreme Court, Appellate Term. December 16, 1908.)

1. CONTRACTS (§ 22*)—ACCEPTANCE—SUFFICIENCY.

If plaintiff communicated his assent to defendant's offer of a certain sum for effecting a loan to defendant's bookkeeper, who had communicated the offer, it was put in a way to reach defendant in the natural course of things, and was sufficient to consummate a contract.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 934*)—REVIEW—PRESUMPTIONS.

In an action for breach of contract, where plaintiff contended that he had communicated his acceptance of defendant's offer to defendant's bookkeeper, and the trial judge gave judgment for plaintiff, it will be presumed on appeal that he found that the acceptance was communicated to the bookkeeper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777; Dec. Dig. § 934.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONTRACTS (§ 28*)—ACTION FOR BREACH—EVIDENCE—ACCEPTANCE.

Evidence *held* to support a finding that plaintiff communicated his acceptance of defendant's offer to defendant's bookkeeper.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 28.*]

4. BROKERS (§ 63*)—RIGHT TO COMPENSATION—NECESSITY FOR BRINGING PARTIES TOGETHER—DEFAULT OF PRINCIPAL.

Where a principal, after hiring a broker to effect a loan, refused to accept it after it was arranged, the broker was excused from bringing the intending lender into the principal's presence, or furnishing him with the lender's name, as a condition precedent to his right to compensation.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 94; Dec. Dig. § 63.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by J. Stewart Morrison against Alonzo L. Tuska. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Stern, Singer & Barr (E. W. Tyler, of counsel), for appellant.
Jacob Friedman, for respondent.

GIEGERICH, J. The plaintiff is a mortgage broker, and sues to recover damages for the breach of an agreement to pay for his services in procuring a loan for the defendant, which loan was to be secured by the bond of the latter and by a mortgage upon property the legal title to which was in the defendant's wife, although the defendant practically owned it.

The parties reached an agreement as to the terms of the mortgage, and the evidence was that the plaintiff had procured a lender willing to lend the required amount upon such terms; but the parties differed upon the sum to be paid to the plaintiff to cover his brokerage and the expenses incidental to closing the loan. The plaintiff asked 2½ per cent. plus $50. The defendant offered 2½ per cent., and refused to pay more. The plaintiff testified that at an interview with the defendant on April 3, 1908, at the defendant's place of business, while these terms were under discussion and the parties being $50 apart, the defendant was called away to attend to a customer; that the plaintiff waited some time for him to come back, but that he did not do so; and that his bookkeeper finally came and informed the plaintiff that the defendant had told him to say "that he, Mr. Tuska, was willing to pay 2½ per cent. to obtain a loan and no more, and, if we were willing to close it on that basis, all right"; that plaintiff and Mr. Broder, who was associated with him and was then present, told the bookkeeper that that was satisfactory, and that they would consider the matter closed and would return after lunch; that the plaintiff did return after lunch with a Mr. Backus, and with a written acceptance of the proposed mortgage by the lender, but that the defendant refused to assent to the transaction, stating that he had changed his mind, because he had in the meantime called up the attorneys for the present mortgagee, who had told him that he would be safe in letting the existing mortgage remain as an open mortgage for another

year, as the executor of the estate which was the owner of the mortgage was in Europe, and would not be back for some time. This version of the negotiations was in substance corroborated by the witness Broder, but was contradicted by the witness Anderson, the bookkeeper, who denied that the plaintiff had assented to the offer of 2½ per cent. which the witness brought from the defendant to the plaintiff as already mentioned. The defendant also contradicted this testimony in other particulars, but admitted that, after he was called away during the interview before mentioned, he had sent the bookkeeper to tell the plaintiff that he would not do any better than he had previously offered, and that it was useless for the plaintiff to wait any longer. Judgment was rendered for the plaintiff for the amount of the brokerage at 2½ per cent., less the disbursement which he would have had to make therefrom if the loan had been consummated.

We think the case turns on the question whether or not the plaintiff communicated to the bookkeeper his assent to the defendant's offer of 2½ per cent. If he did, we think the acceptance was put in a way to reach the defendant in the natural course of things, and that a contract was thereby consummated between the parties. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; White v. Corlies, 46 N. Y. 467; Trevor v. Wood, 36 N. Y. 307, 93 Am. Dec. 511; Mactier v. Frith, 6 Wend. 103, 21 Am. Dec. 262. We must assume that the trial judge found that such acceptance was communicated to the bookkeeper, and the evidence sustains the finding. Inasmuch as the defendant refused to accept the loan arranged by the plaintiff, the latter was excused from bringing the intending lender into the defendant's presence, or to furnish him with his name. Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790; Simpson v. Smith, 36 Misc. Rep. 815, 74 N. Y. Supp. 849; Michaelis v. Roffmann, 37 Misc. Rep. 830, 76 N. Y. Supp. 973. As was said in Duclos v. Cunningham, supra:

"Even if ordinarily a broker is required to present the name of a purchaser as a condition precedent to his right to claim commissions on the sale, as the defendants interposed no objection on that ground and absolutely disavowed the sale, they waived the right to insist upon any such condition."

The case of Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601, cited by the defendant, is no way contrary to the foregoing views. There the broker was seeking to sell the property to a syndicate which was about to be formed, but his principal sold it to another purchaser before the syndicate was fully formed, and it was held that the plaintiff was not entitled to recover. In Gray v. Izard, 123 App. Div. 566, 108 N. Y. Supp. 309, and Kahn v. Verschleiser, 57 Misc. Rep. 381, 109 N. Y. Supp. 663, upon which the defendant also relies, it clearly appears that the parties did not fully agree on the essential points, so that the broker had not secured a meeting of the minds of the intending seller and purchaser with respect to the terms of the sale, and hence these cases have no application to the case at bar, where, as seen, the terms of the proposed loan had been fully agreed upon.

We have examined the other points made in the appellant's brief, but do not think that they require discussion.

The judgment should be affirmed, with costs. All concur.