HALL, APPELLANT, v.  KEARNY ET AL., APPELLEES.

1. BURDEN OF PROOF—MINING CLAIMS.

The burden of proving a forfeiture is always upon the party relying upon the same. This is discharged *prima facie* by showing that no work during the year had been done upon the lode or upon the surface boundaries thereof.

2. SAME.

When it appears that the work, claimed to be the annual assessment, had not been done within the surface boundaries of the location, but upon other property, it is incumbent upon the party so contending to show that such work was in fact intended as the annual assessment upon the claim, and was of such a character as that it would inure to the benefit thereof.

3. MINING CLAIMS—ASSESSMENT WORK.

Work which is in fact done for the development of a mining claim may properly be considered as assessment work for such location, notwithstanding the fact that it was performed outside of the exterior lines of such property. And it is immaterial whether the improvement is upon patented or unpatented property, except as this may throw light upon the intention of the party doing the work.

*Appeal from the District Court of Clear Creek County.*

In 1886, George W. Hall, the owner of the Monitor Ex-

tension Lode mining claim, applied for a patent to the same. Kearney and Nolan, claiming to be the owners of the John Randolph and Roscoe Lode mining claims, both conflicting with the Monitor Extension location, instituted this suit in support of two adverse claims filed by them against Hall's application for a patent.

The complaint is in the ordinary form for the claim and possession of real property, with the additional averment that the suit is brought to make good these adverse claims. The answer denies all material allegations of the complaint, and sets up title in Hall to the Monitor Extension mining claim.    It also alleges failure by plaintiffs to do the necessary annual labor on the Roscoe and Randolph Lodes, for the years 1883, '84 and '85, and the subsequent location over them of the Monitor Extension Lode.    By these pleadings it appears that a part of the premises in controversy is covered by each of the three locations.    All the new matter in the answer is denied by the replication.    A trial to a jury resulted in a verdict and judgment for plaintiffs.

Messrs. MORRISON & FILLIUS, for appellant.

Mr. L. C. ROCKWELL, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The location of the Monitor Extension Lode is subsequent in point of time to both the Roscoe and Randolph locations, made by appellees Kearney and Nolan.    The judgment of the district court in favor of appellees must therefore be sustained, unless it appears that the location of either the Roscoe or Randolph Lodes were not perfected as required by law in the first instance, or that appellees failed to keep the locations good.

The principal point of contention in the court below grew out of the forfeiture claimed by Hall because of the alleged failure of appellees to do the annual labor upon their claims

for the year 1884. Considerable testimony was introduced for the purpose of showing the nature and extent of the work claimed as the annual labor for the Roscoe and John Randolph Lodes for that and other years. The uncontradicted evidence shows that, in the year 1883, appellees commenced a tunnel near the west side line of the John Randolph location, and extended the same from time to time until a distance of 127 feet westward was reached. The greater portion of this tunnel is upon a patented mining claim known as the Nolan-Gilmer Lode, and at the time the property of appellees. In the year 1884 appellees sunk an incline near the breast of this tunnel and upon the patented territory. They claim that the work in this tunnel and upon the incline was done for the purpose of developing the Roscoe and John Randolph claims, and that it should be treated as a compliance with the law relating to annual assessment work. The appellant denies that the work was done for this purpose, or that, as a matter of fact, it in any way inured to the benefit of appellees' claims, or either of them. All, or nearly all the work claimed as annual assessment work for the years 1884 and 1885 was done within the territory covered by the Nolan-Gilmer patent, in the prosecution of this tunnel and incline. Appellees being able to satisfy the jury as to the validity of their locations, Hall could acquire no adverse rights by reason of the Monitor Extension location made in 1885, unless appellees had forfeited their prior rights to the premises by a failure to do the necessary assessment work for the preceding year.

The foregoing statement will be sufficient to show the importance of having the jury correctly instructed upon the question of forfeiture thus raised. Instruction No. 5, given by the court below, reads as follows :—

" You are further instructed, if Hall claims the Randolph and Roscoe Lodes became forfeited by reason of the failure by plaintiffs to do the annual labor thereon in 1884, the burden of proof is on him to show by a fair preponderance of testimony the work which plaintiffs did do was not of such

character as to the place where done, it would inure to the benefit of said Randolph and Roscoe Lodes as annual labor."

Under the circumstances of this case the instruction is erroneous.

Although the burden of proving a forfeiture is always upon the party relying upon the same, in this case this burden was discharged, *prima facie*, by showing that no work during the year 1884 had been done upon either the Randolph or Roscoe Lodes, or within the surface boundaries of either of these claims.

If labor was in fact performed upon adjacent property that might properly be considered as development work for these claims, as contended, it devolved upon Kearny and Nolan, and not upon Hall, to show affirmatively such facts. Appellees attempted to meet this requirement by showing that they had started a tunnel near the west side line of their claims, (the west side lines of both being practically the same at this point.) This tunnel was extended out of and away from the claims in controversy into patented territory in which they were also interested. Under these circumstances there is no presumption that this work was for the development of either the John Randolph or Roscoe claims; in fact, the presumption is against such contention, and after proof that the annual assessment had not been done within the surface boundaries of these locations, it was incumbent upon appellees to show that such work as had been done elsewhere was, in fact, intended as the annual assessment upon these claims, and was of such a character as that it would inure to the benefit thereof. By the instruction given at the trial this burden was placed upon appellant. For this error the judgment of the district court must be set aside.

In view of a new trial, other assignments of error will be noticed. It is contended that under no circumstances can the work performed within the exterior lines embraced within the Nolan and Gilmer patent be taken into consideration in determining whether the required labor or improvements were put upon the claims in controversy. In our opinion

this claim of counsel is unsound. If the work was in fact done for the development of the Randolph and Roscoe claims, it may properly be considered as annual assessment work for such claims, notwithstanding the fact that it was performed outside of the exterior lines of such property.

In the case of *Doherty et al. v. Morris*, 17 Colo. 105, an expenditure, incurred in constructing a wagon road across adjacent territory to a mining claim, for the purpose of better developing and operating such claim, was treated as a compliance with the law relating to annual assessment work. In the case of *Smelting Company v. Kemp*, 104 U. S. 636, it was held that labor and improvements might be considered within the meaning of the statute when the labor was performed, or the improvements were made for its development, though in fact such labor and improvements were at a distance from the claim. The latter opinion had reference to placer claims, and it was said that where the labor was performed for the turning of a stream, or the introduction of water to the claim, or where the improvement consists in the construction of a flume to carry off the debris or waste material, it might properly be considered as assessment work. Nothing is said in either of the opinions in the cases cited with reference to whether the work was upon patented or unpatented property, but we think it would be unreasonable to hold that such labor and improvements would not avail, even if upon patented property. Did the work where done tend to the development of the Randolph and Roscoe claims, and was it in fact performed for the benefit of these locations, are the controlling questions to be determined. And it is immaterial whether the improvement is upon patented or unpatented property, except as this may throw light upon the intention of the parties in doing the work.

It is also contended that plaintiffs committed a trespass in locating the John Randolph claim, and for this reason it is sought to invalidate that location. The facts upon which this is predicated are as follows : One James Hall, the owner of a claim adjoining the Nolan-Gilmer claim, had driven a

prospecting tunnel for the development of his claim. Plaintiffs obtained permission from Hall to continue this tunnel for the purpose of developing the Nolan-Gilmer claim. They continued the tunnel across the Nolan-Gilmer patent without finding a lode, but upon extending it a few feet beyond the west side line of that location they did discover a lode which they located as the John Randolph. It is claimed that their rights in the tunnel were limited by their contract with Hall, and that any discovery made in the public domain to the west of the Nolan-Gilmer claim would inure to appellant, he being Hall's grantee as to such rights. In other words, it is urged that as the Randolph location had its origin in the discovery in the tunnel, in equity it belonged to Hall. This is entirely outside any issue made by the pleadings. If in fact appellees' license only authorized them to extend the tunnel through the Nolan-Gilmer territory, this did not prevent them from locating the lode discovered in the tunnel beyond the side lines of said claim, although this was not contemplated by their license. As to whether a trust was thereby created is a question not involved in this case, and the ruling of the district court in this particular must now be upheld.

For the error pointed out in the instructions, the judgment must be reversed.

*Reversed.*