TAYLOR v. PARENTEAU ET AL.

1. VERDICT IN ADVERSE PROCEEDINGS.

In determining the sufficiency of the verdict it is to be considered in its entirety. The verdict set forth in the opinion contains all that is requisite.

2. SAME—PRACTICE—WAIVER.

A party whose counsel assisted in the preparation of a form of a verdict and who failed to point out an alleged defect before it was given to the jury, or to ask for its modification or correction when returned into court, will be held to have waived objection thereto on account of form.

3. LOCATION OF MINING CLAIM—CORNER POSTS.

The statute (Mills' Ann. Stats., sec. 3153) requires that the surface boundaries of a mining claim shall, except under specified circumstances, be marked by six substantial posts hewed or marked on the sides which are in toward the claim, sunk in the ground,—one at each corner and one at the center of each side line. The cutting of an initial letter into a solid rock at the corner of a mining claim or at a given distance therefrom is not equivalent to the sinking of a post in the ground, or, where that cannot be done by reason of bed rock, planting one in a pile of stones.

4. INSTRUCTIONS—IMMATERIAL ERROR.

Error in a single instruction is not material where the instructions as a
   whole were correct and it is manifest that the jury properly under-
   stood them.

5. MINING CLAIMS—ASSESSMENT WORK.

Work which was done for the purpose of developing a mining claim and
   which directly tended to develop it, may be considered as assess-
   ment work for the claim, although not done within its boundaries.

6. SAME—END AND SIDE LINES—EXCESSIVE TERRITORY.

The end lines of a mining claim are not required to be equidistant from
   the discovery shaft; but in Gilpin, Clear Creek, Boulder and Sum-
   mit counties, neither side line may be more, though it may be less,
   than seventy-five feet from the center of the vein or crevice.  A
   location of the surface lying outside of a line parallel to the side
   lines and seventy-five feet from the center of the discovery shaft is,
   as to such excess, void.

*Appeal from the District Court of Gilpin County.*

THIS was an action brought by Alexander Taylor, as the
owner of the Spur, Sucker and Sophia mining locations, situ-
ate in Gilpin county, Colorado, in support of an adverse
claim filed by him in the United States land office against the
application for patent of the Baby Ruth mining lode, owned
by the defendants.   There were three separate causes of ac-
tion in the complaint, each counting upon the title of the
respective lodes owned by the plaintiff, and the territory in
conflict is a small parcel situate within the exterior boundary
lines of, and is ground common to, the four locations.

There was a verdict and judgment for the plaintiff for a
portion of the conflicting property, and for the defendants as
to the remainder.   From this judgment the plaintiff prose-
cutes his appeal to this court.

Mr. L. C. ROCKWELL and Mr. CHASE WITHROW, for ap-
pellant.

Messrs. TELLER, ORAHOOD & MORGAN, for appellees.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The errors assigned and argued relate to the form of the

verdict and the judgment, and to the instructions given by the court at the defendants' request.

1. The first part of the verdict is: "that plaintiff is the owner and entitled to possession of the following described part and parcel of the premises in controversy in this case" (here follows the description). Immediately thereafter comes the following: "as to all the remainder of the premises in dispute we find the issues for defendants, and that defendants are the owners of the Baby Ruth lode as described in the answer and location certificates thereof in evidence, with the exception of the premises as above stated (being that awarded to plaintiff), by virtue of full compliance with the local rules, the laws of Colorado, and of the United States, and by right of prior legal appropriation, preëmption and location."

That part of the verdict relating to the defendants' parcel is not found fault with, but the criticism goes to that portion concerning the award to plaintiff, and is that the verdict does not state "by what right plaintiff was entitled to the ground he obtained, and such omission is fatal." To this are cited *Manning v. Strehlow*, 11 Colo. 451; *McGinnis v. Egbert*, 8 Colo. 41; and *Drake v. Root*, 2 Colo. 685. They are not in point.

Counsel is in error as to the construction he puts upon this verdict. It must be considered in its entirety. The concluding portion, "by virtue of full compliance with the local rules," etc., applies as well to the ownership and right of possession of the plaintiff as to that of the defendants. That is to say, not only the defendants', but also the plaintiff's, ownership and possession are "by virtue of full compliance," etc. But if this were not so, the plaintiff is in no position to complain. The alleged error pertains to a verdict in his own favor. His counsel assisted in preparing its form and made no objection to it when submitted to the jury or when returned to the court. If he was dissatisfied with the form, he should not have so framed it, or should have pointed out the alleged defect before it was given to the

jury, or asked for a modification and correction of the verdict when returned into court. Having then neglected this duty, the objection must be considered as waived upon this appeal. For the same reasons, the objection to the judgment, which conforms to the verdict, is without merit. 2 Thompson on Trials, sec. 2684; *Algier v. Steamer Maria,* 14 Cal. 168; *Water Co. v. Richardson,* 73 Cal. 592; *Little Josephine M. Co. v. Fullerton,* 58 Fed. Rep. 521.

2. Section 3153, Mills' Annotated Statutes (Gen. Stats. '83, sec. 2402) provides that the "surface boundaries shall be marked by six substantial posts hewed or marked on the side or sides which are in toward the claim, and sunk in the ground, to wit: one at each corner and one at the center of each side line. Where it is practically impossible on account of bed rock to sink such posts, they may be placed in a pile of stones, and where in marking the surface boundaries of a claim any one or more of such posts shall fall by right upon precipitous ground, where the proper placing of it is impracticable or dangerous to life or limb, it shall be legal and valid to place any such post at the nearest practicable point, suitably marked to designate the proper place."

In the attempt to comply with this statute, the locators of the Sucker lode placed no stake or post at one of the corners of the location. Counsel for appellant in his argument here, and the trial court in its instructions to the jury, assumed that the letter "S" was cut into the solid rock at the corner itself; but an examination of the entire evidence upon this point satisfies us that this letter was cut into rock, not at the corner, but at a point twenty-seven degrees northwest therefrom and at a certain distance designated in the location certificate.

However this may be, the court in effect instructed the jury that the cutting of this letter was not a compliance with our statute just quoted. While this does not present a case of misdescription, it is, we think, an insufficient compliance with the requirements of the statute referred to. There is in this record no sufficient evidence that it was

impracticable to place a post or stake at the corner, but if there was, the cutting of a letter into the solid rock, either at the corner or at a given distance therefrom, is not equivalent to planting a post in a pile of stones. There is no proof of facts which, under the statute, make valid the planting of the post at the nearest practicable point to the corner, suitably marked so as to designate the same ; neither is there anything in the record, as to his knowledge of the surface boundaries, that would estop the locator of the Baby Ruth from questioning the validity of the Sucker location, notwithstanding the insufficient marking of the same. Doubtless for this reason it was that appellant's counsel neglected to ask for an instruction upon the theory that, in some cases, an estoppel would arise. The doctrine of the case of *Pollard v. Shively*, 5 Colo. 309, does not uphold the validity of a claim thus marked as to its surface boundaries ; but rather this case comes within the principle of *Croesus M. M. & S. Co. v. Colo. L. & M. Co.*, 19 Fed. Rep. 78, which is authority for the ruling of the trial court.

3. At the trial the plaintiff voluntarily abandoned his cause of action founded upon the Sophia lode. In its instructions the court directed that as to the territory in conflict between this and the Baby Ruth lode, if the latter was a valid location, the finding must be for the defendants. This is assigned for error because the same territory, or, at least, a part of it, was also within the surface boundaries of the Spur and Sucker lodes. Were this instruction alone considered, there might be some reason for contending that the jury were possibly misled by it. But other instructions in effect advised the jury that the ultimate finding for the defendants as to this territory could not be made unless the Spur and Sucker lodes were, as to the Baby Ruth, also invalid. So we think it manifest that the jury understood the instruction complained of as applicable only as between the two lodes designated, and they further understood that the defendants were not to prevail unless they also proved the seniority of their own over the other two locations of the plaintiff.

4. Assessment work upon the Spur and Sucker lodes for a certain year was in controversy. Although the owner did no such work within the limits of the Sucker, he claimed that the work done upon the Spur (some of which was stoping) directly contributed to the development of the former as well as the latter. The law, as requested by the plaintiff, was given by the court, to the effect that if the work upon the Spur had a direct tendency to benefit the Sucker lode, if it was done by means of shafts and drifts upon the lode, and had such a tendency in the manner in which it was done, or under a general plan or system of mining the said Spur and Sucker lodes, and with that purpose in view, then neither of the lodes was subject to be relocated as abandoned property. *Hall v. Kearny*, 18 Colo. 505; *Doherty v. Morris*, 17 Colo. 105, and cases cited; *Smelting Co. v. Kemp*, 104 U. S. 636; *Chambers v. Harrington*, 111 U. S. 350 (s. c. 3 Utah, 94).

The defendants asked for, and the court gave, the same law in the negative form, to the effect that unless the work done upon the Spur directly tended to develop the Sucker, or was done for that purpose, it was insufficient to hold the latter, and that stoping in and taking out ore from the Spur cannot apply on assessment work on the Sucker unless done as aforesaid.

In the oral argument counsel for the appellant stated that the instructions as requested by the defendants, and given by the court, were that stoping in one claim *in no event* could be regarded as assessment work upon another; but the record shows that no such instruction was given, but, on the contrary, the same qualifications were inserted which the plaintiff himself asked the court to give in his behalf. These two instructions are in substance the same, those of the defendants merely stating the opposite of the proposition embodied in the instructions asked by the plaintiff.

5. The principal contention arises over the instruction of the court that, under the law, the surface ground of a claim in Gilpin county cannot extend more than seventy-five feet

in width either way from the center of the discovery shaft. Of this the appellant complains, because the proof was that the discovery shaft of the Spur lode was about ninety-nine feet south of a point on the northerly side line of the location immediately opposite. This ruling took from the plaintiff all that part of the surface of the claim on its northerly side outside of a line, parallel to the side lines, seventy-five feet northerly from the center of the discovery shaft.

The argument of appellant is that, as under section 2320, R. S. U. S., a discovery and discovery shaft may be anywhere along the course of the vein and within the end lines, and may be much nearer one end line than the other, and it being further contended that since the side lines are not required to be straight, the vein at other places than the discovery shaft may be much nearer one side line than the other, it would be useless to require the discovery shaft to be within any given distance from either of the side lines. It is apprehended, if this section required the shaft to be equidistant from the end lines, a location in which the shaft was not so placed would be invalid.

Section 3148 of Mills' Annotated Statutes (Gen. Stats. '83, sec. 2397), however, permits the length of a claim to be fifteen hundred feet along the vein. As the location of the discovery shaft is not confined by this, or any other, provision to any specific point along its strike, the end lines, of course, need not be equidistant from the shaft. But by section 3149 the width of lode claims in Gilpin, Clear Creek, Boulder and Summit counties shall be seventy-five feet on each side of the center of the vein or crevice. As the discovery shaft necessarily must be, and in this case was, upon the vein, it follows from the express provisions of the statute that, in the designated counties, where a claim may not be more than one hundred and fifty feet wide, neither side line may be distant from the vein or discovery shaft more, though it may be less, than seventy-five feet. It follows that as to a claim located in violation of this section, such parts of the surface ground as lie outside of a line parallel to the side lines and seventy-

five feet from the discovery shaft are located without authority of law, and as to such excess, the location is void.

There is no room for construction of the language of this section. It interprets itself. We find no case directly in point, though our conclusions are in accord with the opinion of Mr. Morrison, in his work on Mining Rights, at page 21 (8th ed.). The case of *Jupiter M. Co. v. Bodie Con. M. Co.*, 11 Fed. Rep. 666 and 675, seems also to support our conclusion.

It follows that the judgment of the court below should be affirmed.

*Affirmed.*