[No. 3942.]

NILES v. KENNAN.

1. APPELLATE PRACTICE—ABSTRACT OF RECORD.
If the abstract of record filed by appellant does not fairly and fully present the evidence on behalf of appellee, it is appellee's duty by a further abstract to present all the facts necessary to a full understanding of the cause, and the court will not resort to the transcript, but in the absence of an additional abstract will consider alone the abstract as filed by appellant.

2. MINING CLAIMS—ABANDONMENT—RELOCATION.
Where a party bought a mining claim and abandoned it because he was unable to perform the necessary assessment work within the year and had his son relocate it as an abandoned claim, the relocation did not inure to the benefit of the original claim, and in an adverse suit against one who purchased from the relocator it was error for the court to refuse upon plaintiff's request to direct the jury that whatever rights defendant may have had under the original location had been abandoned.

3. SAME.
Where a party abandoned a mining claim because he was unable to do the necessary assessment work within the year and relocated it through his son, the abandonment restored it to the public domain and after part of it became segregated by a location prior to his relocation, he could not reclaim under his original location merely because after the rights of the other locator attached he learned that he might have held the ground without abandoning and relocating.

*Appeal from the District Court of Boulder County.*

Mr. S. T. HORN, for appellant.

Mr. Guy D. Duncan, for appellee.

Chief Justice Campbell delivered the opinion of the court.

This is a suit in support of an adverse claim to mining property situate in Boulder county. The appellant, who was plaintiff below, claims it as a part of, and included within the surface boundaries of, the Golden Crown, and defendant as a part of the Yellow Pine Extension, lode. Aside from the contention that the Crown was not part of the public domain, no question is raised by defendant that plaintiff fully complied with the provisions of the mining laws relative to mining locations; so that plaintiff is entitled to recover unless defendant has shown a better title to the property under a prior valid location, and this he has attempted to establish.

The abstract of record may not fully, as it does not very clearly, set forth the points relied upon for a reversal as our rules provide. If it does, with substantial accuracy, reproduce the evidence as exhibited below, then we cannot permit the judgment to stand. Possibly the evidence, if set forth in detail, would relieve the mind of the uncertainty which its abridgment found in the abstract has produced; and, if so, it was the duty of counsel for appellee, by a further abstract, to present all the facts necessary to a full understanding of the merits of the cause. But we shall not resort to the transcript, and must decline to perform for counsel the work which should be done by him, and shall, as accords with our established practice, consider alone the abstract of record as prepared.

The Golden Crown mine was located July 7, 1891. In his answer defendant avers that his grantors located the Extension lode in March, 1881, and that ever since that time he and they have made compliance with the various provisions of the statute which are essential to keeping good a mining claim as against subsequent locators. The original locators of the Extension were Brown and Scott. They sold it to William

Mitchell, and on December 26, 1890, defendant bought it of Mitchell and shortly afterwards abandoned it, because he could not perform within the year the necessary assessment work. Thereupon, on January 30, 1891, A. L. Kennan, his son, located the same property as an *abandoned* lode, naming December 20, 1890 as date of discovery, and giving it the same name that the original locators of that property selected. Thereafter A. L. Kennan conveyed to the defendant George Kennan the Yellow Pine Extension lode as located by him.

It thus appears that there was an intention upon the part of the defendant to abandon what rights he may have acquired to this property by the Mitchell deed, and it was error for the district court to refuse the request of plaintiff, as asked, to direct the jury to that effect. There was not an attempt by defendant, as there was in the case of *Johnson v. Young,* 18 Colo. 625, to relocate the property for the purpose of protecting his rights under the location of 1881, for until after the rights of plaintiff attached, defendant relied solely upon the new location as made by A. L. Kennan. That being so, it cannot be held that the new location inured to the benefit of the original claim. The abandonment restored the ground to the public domain, and, after it became segregated by plaintiff, could not be reclaimed by defendant merely because after plaintiff's rights attached defendant learned, as he says, that he might have held the ground without abandoning and locating, through his son, the same lode as a new claim. It was then too late to recall the abandonment and rely upon other rights that once may have existed. It is possible that defendant supposed he was bringing himself within the principle laid down in the *Johnson-Young* case, and that the case as made below was within it; but the evidence, as contained in the abstract, does not warrant that inference. It may further be observed that the pleadings did not justify any evidence respecting the location of the Extension lode made in 1891 by A. L. Kennan, but there seems to have been no objection of that kind made by plaintiff; but there is such an absence of any showing of a valid location by A. L. Kennan that nothing further need be

said about it.   Such being our conclusion, it becomes unnecessary to consider the various other assignments of error argued by appellant.   In view of another trial, it is appropriate to say that that part of the charge of the court to the jury wherein they are told that discovery and location may be inferred from certain other facts therein stated, is not applicable, certainly, to the location as made by A. L. Kennan in 1891 ; and even if the law be as declared in *Harris v. Equator M. & S. Co.*, 8 Fed. Rep. 863, or as in *Cheesman v. Hart*, 42 Fed. Rep. 98, from the opinion in which latter case this charge seems to have been copied (concerning which we express no opinion), we find no evidence in this, as there was in the *Cheesman* case, that calls for such an instruction.

As to the discovery of mineral under the Scott Brown location of 1881, as well as the other steps necessary to be taken to perfect a location, we remark that the evidence is exceedingly indefinite and meager, as possibly counsel for defendant and the court below were aware ; hence the unusual instruction as to the inference that might be drawn from certain other facts in evidence.

Notwithstanding these observations, we are strongly impressed with the equities of defendant, not only because of the apparent attempt of his grantors in good faith to segregate from the public domain a mineral claim, but because of the recognition by plaintiff in dealings between them that defendant's rights to the controverted strip of ground were superior to his.   We have striven to affirm the judgment, but cannot, in the light of the record before us, arbitrarily or otherwise wrest from plaintiff property which belongs to him, unless defendant has shown, as he has not, superior rights by compliance with the law under which only has he any right to the territory in dispute.   Upon another trial these doubtful points may be so elucidated that justice will be done.   Our references to the questions discussed but not decided, as well as to those determined, are applicable only to the very facts as set forth in the abstract, and not as they may otherwise appear on a new trial.

For the error of the court on the question of abandoment, the judgment must be reversed and the cause remanded, with leave to defendant, if he be so advised, to amend his answer in order to present the claim based upon the location of 1891, and it is so ordered.

*Reversed.*