[No. 4159.]

## HAYNES ET AL. v. BRISCOE.

MINING CLAIMS—ASSESSMENT WORK—FORFEITURE BY CO-OWNER FOR FAILURE TO CONTRIBUTE—PUBLICATION OF NOTICE.

Where the owner of an interest in two mining claims attempted to forfeit the interest of his co-owner for failure to contribute his part of the expenditures in doing the assesement work, a published notice which failed to specify the amount of money expended on each claim or facts which might excuse expenditure upon each claim was fatally defective and insufficient to deprive the co-owner of his interest.

*Appeal from the District Court of Gunnison County.*

Mr. DEXTER T. SAPP, for appellants.

Mr. T. J. O'DONNELL, Mr. MILTON SMITH and Mr. S. D. CRUMP, for appellee.

Mr. JUSTICE STEELE, delivered the opinion of the court.

The title to two mining claims, the Bull Domingo and the Bull Domingo No. 2, is involved in this controversy. George Cole Briscoe, the plaintiff, owned sixty-four ninetieths of the claims, and in 1896 conveyed to his co-owner Haynes nineteen ninetieths in payment, so he alleges in his complaint, for assessment work done on the claims by Haynes for the year 1895, and to be done for the year 1896. In January, 1897, Haynes caused to be published in the Pitkin Miner, a newspaper published at the town of Pitkin, a notice of forfeiture because of the alleged failure of Briscoe to contribute his proportion of the expenditures upon the claims for the year 1896; and during the month of August, 1897, the notice and proof of publication, together with an affidavit of Haynes, were recorded in Gunnison county. Haynes having on July 31, 1897, conveyed to the defendants Perreault, McManes and Roff, undivided interests in the claims, they all joined in a lease to the defendant Hallet, a copy of which is set forth in the complaint. The plaintiff, in the complaint, alleges on information and belief that Haynes did not perform the work upon the claims in 1896 or at any time prior to the publication of the notice, and that Haynes, Perreault, McManes, and Roff conspired to cheat and defraud plaintiff of his interest in the

claims. The plaintiff further alleges that the said Pitkin Miner was not the newspaper published nearest to said mining claims, and was not a paper in which said notice of forfeiture could legally be published, and that there were other newspapers published nearer the claims than the said Pitkin Miner.

The defendants in their answer, deny the agreement alleged between the plaintiff and the defendant Haynes; allege that Haynes did the assessment work upon the claims for the year 1896, but deny that the work was done for or in behalf of plaintiff; deny a conspiracy; deny that there were newspapers published nearer the claims than the Pitkin Miner. The other allegations of the complaint material to a decision are admitted.

The cause was tried by the court, and judgment rendered for the plaintiff. The defendants, except Hallett and the bank, have perfected an appeal to this court.

Upon the trial, the court required the defendant to assume the burden of proof. The defendant offered to show "that the Pitkin Miner was the *nearest* paper to the property in question, *by the usual traveled route.*" This offer was refused; the court holding that the newspaper nearest the claims "by the usual traveled route," was not the newspaper, within the meaning of the statute, in which the publication should be made. The defendant then offered to show that copies of the newspaper in which the forfeiture notice was published were mailed to the plaintiff and received by him after the time of the first publication. This offer was also refused. The defendant then rested. The plaintiff then called one witness, interrogated him in reference to money deposited in bank as royalty and the case was then

closed. The court thereupon rendered judgment in favor of the plaintiff.

The assignments of error principally discussed are those relating to the rulings of the court in requiring the defendants to prove the regularity of the proceedings taken by them to forfeit the interest of Briscoe in the claims, and the ruling of the court in construing United States Revised Statutes, section 2324.

The defendants admit in their answer that prior to 1896, the title to the claims was as alleged in the complaint, and "that said William Haynes has at all times, since the 30th day of July, 1897, asserted and claimed and now claims, that the plaintiff has forfeited all his interest in said mining claims and each of them." By these admissions in the pleadings, it is apparent that they rely upon the regularity of the forfeiture to defeat the plaintiff, and that their title to the claims depends upon the legality of the proceedings by which the plaintiff's interest was sought to be forfeited to the defendant Haynes. Under these conditions the burden of proof was properly declared to be upon the defendants to establish by a preponderance of the evidence that the interest of the plaintiff in the claims in question was regularly and legally forfeited to the defendant Haynes for failure of plaintiff to pay his proportionate share of the work performed during the year 1896. *Hall v. Kearney*, 18 Colo. 505; *Johnson v. Young*, 18 Colo. 625.

Upon this branch of the case my associates do not express an opinion, but base the judgment of affirmance upon the matters stated hereafter.

These claims are located on Italian mountain, in Gunnison county, and the plaintiff alleged in his complaint that the notice published in the Pitkin Miner was not notice to him, because the statute requires

the notice to be published "in the newspaper nearest the claim." Haynes testified that the distance from the claims, by "the usual traveled route," to Pitkin, where the notice was published, is about forty-one miles, and that by the usual traveled route it was about one hundred miles from the claim, to Crested Butte. "You would have to go to Pitkin and from Pitkin to Gunnison, and from Gunnison to Crested Butte," said the witness.

The defendant sought to establish the fact that during the winter and spring of 1897 the nearest place "by the usual traveled route" was Pitkin. The court correctly held, however, that the season of the year cannot be a factor in determining the question, and that unless the newspaper at Pitkin was the nearest, irrespective of the season or of the condition of the weather, it was not the nearest newspaper within the meaning of the statute. No decision has been cited construing the words of this statute. There are numerous decisions of the secretary of the interior construing the statute requiring publication of application for patent, but we think the two sections are entirely different. The section now under consideration requires that publication be made in "a newspaper published nearest the claim." In the section under consideration by the secretary of the interior in the cases cited, the statute requires publication by the register, "in a newspaper to be by him designated as published nearest to such claim."

The defendant offered to show that copies of the newspaper were sent to the plaintiff. The court properly refused the offer. The notice must be by publication or by personal service, and personal service cannot be had by sending through the mail a

copy of the newspaper in which the notice is published; and proving that the person to whom the notice is directed received the paper is not sufficient.

The act of congress authorizing the proceedure whereby the property of the co-owner is forfeited must be strictly construed; and the defendants, upon whom was the burden of proof, having failed to show that the Pitkin Miner was the newspaper "published nearest to the claim," it follows that the service and subsequent acts were void, and that the plaintiff is the owner of an undivided one-half of the Bull Domingo and Bull Domingo No. 2 claims and entitled to possession.

In this construction of the statute my associates do not concur. They are of the opinion that the notice itself is fatally defective, in that it does not specify the amount of money spent upon each claim nor the facts which might excuse expenditure upon each claim. All the members of the court agree that the case should be affirmed. My associates do not place upon the statute a different construction than that mentioned in the opinion, but base their judgment of affirmance upon the grounds mentioned. I do not insist that the notice is sufficient, but think the judgment should be affirmed upon the theory adopted by the trial court.

The judgment of the district court is affirmed.

*Affirmed.*