(No. 5242.   May 28, 1929.)

E. W. PORTER, Commissioner of Finance of the State of Idaho, Respondent, v. BLAZ JUGOVICH and RAY RASMUSSEN, Appellants.

[278 Pac. 219.]

L. E. Glennon, for Appellants.

E. W. Whitcomb, for Respondent.

GIVENS, J.—Blaz Jugovich, appellant, T. D. Ellis and others were the owners in common of certain described unpatented mining claims, Ellis owning an undivided one-fifth interest therein. Appellant expended $1,500 in labor

for the annual assessment work during 1923, 1924, 1925. Ellis failing to pay his proportionate share, appellant attempted to foreclose Ellis out of his interest by notice of forfeiture under section 2324, Revised Statutes of the United States, sec. 28, title 30, United States Code Annotated.

The Lemhi Valley Bank, a defunct bank formerly operating at Leadore, now in the hands of E. W. Porter as Commissioner of Finance, plaintiff and respondent, had sold, prior to such notice of forfeiture, and had purchased under execution, following judgment against him, Ellis' interest in the claims, and in the present action sought to quiet its title, contending that the attempted forfeiture instituted by appellant was ineffective to divest Ellis of his interest because the notice did not set forth the amount of work done separately on each of the five claims or give any reason why such designation was not made. The notice was as follows:

"NOTICE OF FORFEITURE.

"To T. D. Ellis, his heirs, executors and administrators, and to all whom it may concern;

"You are hereby notified that I have expended Fifteen Hundred Dollars ($1500.00) in labor and improvements upon the following described unpatented mining property, situated in Spring Mountain Mining District, County of Lemhi, State of Idaho, to-wit:

" 'Teddy,' 'Teddy No. 1,' 'Teddy No. 2,' 'Elizabeth,' and 'Russell' lode mining claims, location notices of which said mining claims are recorded in Book 'M,' page 769, Book 'S,' page 225, Book 'S,' page 226, Book 'M,' page 771, and Book 'M,' page 770, respectively, records of mining locations in the office of the County Recorder of Lemhi County, Idaho;

"As will appear by proof of labor filed in the office of the County Recorder of Lemhi County, Idaho, in order to hold said premises under the provisions of the laws of the United States and of the State of Idaho, being the amount required to be expended to hold said claims for the years ending June 30, 1923, 1924, and 1925, respectively. And if within ninety (90) days after the service upon you of this notice you fail, or refuse, to contribute your proportion of said

expenditure, being the sum of Three Hundred Dollars ($300.00), your interest in said mining claims will become the property of the subscriber under the provision of Section 2325, Revised Statutes of the United States.

"Dated this 23rd day of November, 1925.
"BLAZ JUGOVICH.

"I hereby acknowledge service of the foregoing notice of forfeiture and receipt of a copy thereof, this 6th day of December, 1925.
"T. D. ELLIS."

"State of Idaho,
"County of Lemhi,—ss.

"Blaz Jugovich, being duly sworn on oath, deposes and says: that he is the co-owner of the lode mining claims mentioned and described in the Notice of Forfeiture hereto attached, and is the same person whose name is thereto subscribed; said T. D. Ellis, his heirs, executors or administrators, to whom said notice is directed, have wholly failed to pay or tender payment of his proportionate share of such expenditure or any part thereof; and that more than ninety days have elapsed since the service of said Notice of Forfeiture on the said T. D. Ellis.
"BLAZ JUGOVICH.

"Subscribed and sworn to before me this 28th day of June, 1926.
"Seal                                   W. F. STONE,
"Notary Public for the State of Idaho, residing at Leadore.
"No. 31893.

"Recorded at the request of L. E. Glennon, July 2nd, 1926, at 15 minutes past 4 o'clock P. M. in Book B of Forfeitures, page 174, Records of Lemhi County, Idaho.
"W. W. SIMMONDS,
"County Recorder.
"By MARGARET SHOUP,
"Deputy.

"Fee $1.00.
"Filed October 17, 1927."

The material finding made by the court was "that said notice of forfeiture contained nothing therein to show the amount of work done upon each of the said respective Lode Mining Claims or money expended thereon, or the value thereof, or if it was done upon one or more claims for the benefit of others, and it did not give the facts which might excuse expenditures upon each claim," and the material conclusion therefrom was "that said notice of forfeiture, and matter therein contained, given by the said defendant Blaz Jugovich to the said T. D. Ellis, was insufficient to cause a forfeiture of said Ellis' interest in and to his said one-fifth interest in said Lode Mining Claims to the said Jugovich, and that the said Jugovich gained and secured no right, title and interest in and to said Lode Mining Claims by reason thereof which he is now entitled to enforce against this plaintiff."

Forfeitures are not favored and the burden is on the person urging a forfeiture to show strict compliance with the statutes. (*Swanson v. Kettler,* 17 Ida. 321, 105 Pac. 1059.)

A notice deficient as the above has been held fatally defective. (*Haynes v. Briscoe,* 29 Colo. 137, 67 Pac. 156; *Donohoe v. Tjosevig,* 6 Alaska, 139; Lindley on Mines, sec. 646; 40 C. J. 838.)

While it is true, as pointed out by appellant, that in *Haynes v. Briscoe, supra,* Justice Steele, the writer of the opinion, contended that the case should be decided without reference to the sufficiency of the notice, the opinion says:

"In this construction of the statute my associates do not concur. They are of opinion that the notice itself is fatally defective in that it does not specify the amount of money spent upon each claim, nor the facts which might excuse expenditure upon each claim. All the members of the court agree that the case should be affirmed. My *associates* do not place upon the statute a different construction than that mentioned in the opinion, but base their judgment of affirmance upon the grounds mentioned. I do not insist that the notice is sufficient, but think the judgment should

be affirmed upon the theory adopted by the trial court." (Italics ours.)

At that time the supreme court of Colorado consisted of Chief Justice Campbell and Justices Gabbert and Steele. By the writer's reference to his "associates," it is clear that Chief Justice Campbell and Justice Gabbert, constituting a majority of the court, were of the opinion that the notice was fatally defective and the opinion does not indicate that Justice Steele did not concur in this.

*Haynes v. Briscoe, supra,* has not been overruled nor have we found any authorities which hold a notice in the form herein presented to be sufficient.

The judgment is affirmed.

Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.