No. 12,398.

Southern Surety Company *v.* Peterson.

Decided October 7, 1929. Rehearing denied October 28, 1929.

Mr. W. E. CLARK, for plaintiff in error.

Mr. NEIL HORAN, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Southern Surety Company, a corporation, hereinafter referred to as defendant, prosecutes this writ to review a judgment of the county court in favor of Harry M. Peterson, hereinafter referred to as plaintiff.

The case was begun in the justice court, from which an appeal was prosecuted by the defendant to the county court, where judgment was entered upon the verdict of the jury. The defendant asks a supersedeas, and assigns three principal errors: (1) Refusal to direct a verdict or grant a nonsuit; (2) rendition of judgment on an uncertain and indefinite verdict; (3) failure of proof.

The defendant issued its "automobile driver's accident policy" in which the plaintiff, who was a city fireman, was insured against the effects of bodily injuries, incurred through accidental means, while driving or op-

erating an automobile, or when caused by the burning or explosion of an automobile. The plaintiff at the time of his injury, was cleaning the engine of the fire truck, upon which he was employed, with gasoline, which in some manner became ignited, inflicting injuries which necessitated his confinement in the hospital for a period of 17 days, and his absence from duty for a total period of 58 days. Under the provisions of the policy, the plaintiff is entitled to judgment in the sum of $181.50, if there is any liability on the defendant, and the jury returned a verdict for this amount.

█ 1. At the conclusion of the plaintiff's evidence, the defendant moved the court to direct a verdict in its favor. The grounds for this motion do not appear, either in the record proper or in the bill of exceptions. Without specifying the grounds therefor, such a motion is ineffectual for any purpose.

"The motion to direct a verdict * * * should specify the particular ground or grounds which justify it." 6 Enc. Pl. & Pr. 699.

"In order to obtain a review of a ruling granting or denying a motion to direct a verdict * * * the party making a motion to direct the verdict must assign grounds therefor." 8 Enc. Pl. & Pr. 282, 283.

"It is now claimed, however, that the motions for a dismissal of the complaint and for the direction of a verdict were ineffectual, and are not now available to the defendants because no grounds for the motions were stated. A motion to direct a verdict for the defendant is in substance a motion for a nonsuit, and must be governed by the same rules. * * * It is undoubtedly the general rule that a motion for a nonsuit is ineffectual unless the grounds upon which it is based are specified. The defect in the plaintiff's case should be pointed out, so that he may supply it, if he can. * * * So much is required by good faith and fair practice, and so much is due to the orderly administration of justice." *Gerding v. Haskin*, 141 N. Y. 514, 520, 36 N. E. 601, 603.

It seems to be the universal rule, in all states in which the question has been decided, that a motion for a directed verdict or nonsuit is ineffectual for all purposes, unless it clearly and definitely sets forth the grounds upon which it is based so that the attention of the court and that of the opposing counsel is specifically directed to the point upon which the mover relies, and opportunity is thereby afforded counsel to correct or supply the defect, if that may be done, by competent evidence.

■■ 2. It is next contended that the verdict is so indefinite and uncertain that no valid judgment thereon can be entered. The portion of the verdict to which this assignment is directed reads, "and assess damages in the sum of One Hundred Eighty-one 50/100 dollars plus legal rate of interest."

The first intimation of any objection to the form of the verdict came at the time of the filing of a motion for a new trial. It is presumed that counsel had the form of verdict submitted to him before the jury retired, and should have interposed his objection at that time. When the verdict was returned the very objection now urged was apparent to counsel, and we assume that if an objection thereto for the reasons now urged had been made, the court, with the jury still in attendance, could and would have corrected it.

In *Taylor v. Parenteau,* 23 Colo. 368, 370, 48 Pac. 505, Mr. Justice Campbell said: "His counsel assisted in preparing its form and made no objection to it when submitted to the jury or when returned to the court. If he was dissatisfied with the form, he should not have so framed it, or should have pointed out the alleged defect before it was given to the jury, or asked for a modification and correction of the verdict when returned into court. Having then neglected his duty, the objection must be considered as waived upon this appeal."

Counsel for plaintiff has waived the question of interest, which is the only respect in which it might be claimed that the verdict is indefinite and uncertain, and, without

passing on this question, we accept the waiver, and the judgment is, and shall be treated as if it were, one for the sum of $181.50.

3. Counsels' next contention is that the verdict is not supported by the evidence. We understand that under this assignment there are two questions presented: (a) Was the injury one against which the plaintiff was insured by the policy, and (b) was proof of notice of injury necessary under the provisions of the policy?

■ (a) By stipulation of counsel, the jury was instructed orally, and this precise question was submitted, without objection, for its determination. It is now too late for counsel to complain.

(b) The policy provided that the plaintiff serve written notice of injury upon the defendant within a certain definite time, and the failure to do this was not brought to the court's attention.

■ One purpose of a motion for a new trial is to call to the attention of the court errors made in ruling upon matters presented at the trial. We have determined that the motion for nonsuit and direction of a verdict were unavailing because no grounds therefor were specified, and the court did not commit error in any ruling thereon.

■ The court was given no opportunity to determine whether or not proof of notice was necessary, because this matter was not presented by counsel. The failure to prove written notice of injury was as well known to the defendant's counsel at the time of the trial as when the motion for a new trial was filed, and it was counsel's duty to his opponent, as well as to the court, to specifically call their attention to this omission, either in the motion for nonsuit or for a directed verdict, and having failed to do so, waived proof thereof.

■ It may be said that he who remains silent when duty requires him to speak will not be heard when justice requires him to be silent.

Judgment affirmed.