BENJAMIN F. GERDING, Respondent, v. JOHN B. HASKIN et al.,
Appellants.

A real estate broker, in order to recover compensation for service as such,
must prove that he found a purchaser and produced him to his princi-
pal, who was ready and willing to purchase the real estate of the latter
upon his terms.   The principal is entitled to know the name of the pro-
posed purchaser, and so long as there is an uncertainty in this regard the
broker is not entitled to compensation.

In an action by such a broker to recover commissions, the evidence pre-
sented on behalf of plaintiff was to the effect that he went to defend-
ants with L., who was engaged in forming a syndicate to purchase the
land ; that L. offered, on behalf of the syndicate, to purchase at defend-
ants' price, giving names of persons who had then consented to join
the syndicate, but before the syndicate was fully formed defend-
ants sold the land to other parties.   Held, that plaintiff failed to
show performance of his contract; and that a refusal to nonsuit was
error.

(Argued March 5, 1894; decided March 13, 1894.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, entered upon an order
made January 4, 1893, which affirmed a judgment in favor of
plaintiff entered upon a verdict and also affirmed an order
denying a motion for a new trial.

This action was brought by the plaintiff to recover his com-
pensation as a broker under the employment of the defend-
ants to find for them a purchaser of their real estate situated in
the city of New York.

Defendants put in issue the material allegations of the
complaint.   Upon the trial plaintiff gave evidence tend-
ing to show his employment, the amount of his com-
pensation and what he claimed to be performance of his con-
tract.   As to the performance, the only evidence for the
plaintiff was that of himself and one Lewis.   He testified
that after his employment he went to Haskin's house and told
him that he had a buyer for the property at his price,

$110,000, and asked him how much he required to be paid on the contract; that Haskin replied, $25,000 on the delivery of the deed, $5,000 on the signing of the contract; that the next day he again went to Haskin's house with Lewis and introduced Lewis to him and told him "he was the gentleman who represented the buyers; that Mr. Haskin said 'all right,' and wanted to know the names of the buyers," and he gave him the names and he entered them in a memorandum book; that Mr. Lewis then told Haskin that he had $250 in his pocket and took it out, which he said he would pay to him and take a receipt, and that any time he named he would draw the contract and pay him the balance of the $5,000, the deed to be delivered on the first of November; that Mr. Haskin expressed satisfaction with the persons named as buyers; that no one was present but himself and Lewis and Haskin, and that in his interview with Haskin he named eight persons as proposed purchasers of the real estate. It appears by his cross-examination that he was required to give a bill of particulars in this action, and that one of the persons named to Haskin as a buyer was not named in the bill of particulars, and that another one who was not named to Haskin was specified in the bill of particulars. Lewis testified that at the interview mentioned he told Haskin he had a "syndicate which were willing to pay the $110,000," and that he "had $250 in cash and took the money out and offered it to him to pay a deposit and take his receipt for the same," which Haskin, for reasons stated, declined then to take; that Haskin asked him "who the syndicate was;" that "I gave him some of the names of the syndicate that we had at that time; I don't think the syndicate was full when I went there," and that then he gave the names of the persons who had then joined the syndicate, one of whom, at least, was not among the names mentioned by the plaintiff in his evidence. He testified further: "When I heard that the property was for sale we started in to form a syndicate to purchase it, and I got these gentlemen together, part of them, not all of them, on a Saturday evening in our office, and submitted the offer of

$110,000; at least, submitted the price of $110,000 for the property. There was nothing paid in. Each one assented to subscribe for one share. They authorized me to go to Haskin and offer him $110,000 for the property, and to pay $250 on the contract, or on the purchase of the property, and if Mr. Haskin wished any more money to call on Mr. Martin Walter and he would supply it. I was to draw on Mr. Walter for the $5,000." He also testified that he was a member of the syndicate; that he furnished the $250 which was offered to Haskin, and that no one else put up any money, and the list of proposed purchasers testified to by him differed materially from the list of names specified as purchasers by the plaintiff.

The defendants, testifying on their own behalf, denied the employment, the agreement for compensation and the performance of the contract by the plaintiff.

At the close of the plaintiff's evidence the defendants moved to dismiss the complaint, specifying no grounds, and their motion was denied. At the close of all the evidence on both sides they again moved for the dismissal of the complaint and for the direction of a verdict in their favor, specifying no grounds for their motions, and the motions were denied.

The evidence was then submitted to the jury and they found for the plaintiff, and from the judgment in his favor the defendants appealed to the General Term and to this court.

*Isaac H. Maynard* for appellants. The exception to the refusal of the court to direct a verdict for the defendants brings up for review the question whether, upon all the evidence in the case, the plaintiff was entitled to recover or had established his cause of action. (*Appleby* v. *F. Ins. Co.*, 54 N. Y. 253; *Schwinger* v. *Raymond*, 105 id. 648; *Hemmens* v. *Nelson*, 138 id. 517; *Peake* v. *Bell*, 7 Hun, 454; *Hamilton* v. *T. A. R. R. Co.*, 13 Abb. [N. S.] 318.) The minds of the parties never met as to the terms of sale. (*Susdorf* v. *Schmidt*, 55 N. Y. 95; *Sibbald* v. *B. I. Co.*, 83 id. 378;

*Vreeland* v. *Velterlein,* 33 N. J. L. 247 ; *McGavock* v. *Wood-lief,* 20 How. Pr. 221 ; *Stillman* v. *Fitzgerald,* 37 Minn. 186.)    The pretended purchasers were never produced to the vendors for their acceptance, and until that is done the broker is not entitled to commissions.    (Rapalje on Real Est. § 72 ; *Hayden* v. *Giullo,* 35 Mo. App. 647 ; *Pratt* v. *Patterson,* 7 Phila. 135 ; *Coleman* v. *Garrigue,* 18 Barb. 60 ; *Martin* v. *Bliss,* 57 Hun, 159 ; *Wylie* v. *M. Bank,* 61 N. Y. 416.)    The plaintiff never produced any purchaser to the defendant Tappen, and as to him made no proof of the performance of his contract of service as broker, which would entitle him to recover.    (4 Kent's Comm. 367, 368 ; *Blood* v. *Goodrich,* 9 Wend. 68 ; *Foster* v. *Eager,* 2 Lans. 182 ; *Loomis* v. *Suprs.,* 6 id. 269 ; *Yates* v. *Andrews,* 37 N. Y. 657 ; *Morlock* v. *Butler,* 10 Ves. 111.)    The plaintiff failed to prove that the purchasers produced were of sufficient ability to perform the proposed agreement for purchase and to pay for the property. The purchaser must be shown to be able to perform or commissions are not earned.    (Rapalje on Real Est. § 72 ; *Duclos* v. *Cunningham,* 102 N. Y. 678 ; *Barnard* v. *Monnott,* 1 Abb. Ct. App. Dec. 108 ; 33 How. 140 ; 3 Keyes, 203 ; *Everhart* v. *Searle,* 74 Penn. St. 256 ; *Iselin* v. *Griffith,* 26 Iowa, 648.) The plaintiff cannot recover commissions because it appears from his own testimony that he was acting as the agent of the proposed purchasers.    (*Duryee* v. *Lester,* 75 N. Y. 442 ; *Dunlap* v. *Richards,* 2 E. D. Smith, 181 ; *Pierce* v. *Thomas,* 4 id. 354 ; *Cassard* v. *Hinman,* 6 Bosw. 8 ; *Rice* v. *Wood,* 113 Mass. 133 ; *Gordon* v. *Clapp,* Id. 335 ; *Bell* v. *McConnell,* 37 Ohio St. 396 ; *Lynch* v. *Fallon,* 11 R. I. 311 ; *Connelly* v. *Smith,* 142 Penn. St. 25.)

*Abel Crook* for appellants.    Each tenant in common could convey or contract to convey only his own share.    The employment of plaintiff as broker by one defendant does not bind the other defendant.    Hence, if either party is held not liable for commissions, and the other is held liable, the verdict is excessive and should be reduced one-half.    (*Van Doren*

v. *Balty*, 11 Hun, 241; *Bowman* v. *Travis*, 54 N. Y. 640; *McLean* v. *McLean*, 96 id. 655; *Tuers* v. *Tuers*, 100 id. 200.) To entitle the plaintiff to commissions as broker he must have established by competent proof employment by the defendants to effect a sale of the property upon certain specified terms; that he has found a purchaser of sufficient responsibility who is willing to take the property upon the terms named. (*Duclos* v. *Cuningham*, 102 N. Y. 678.) Upon the testimony of plaintiff and his witness Eickwort it is clear that the transaction, so far as Tappen is concerned, was not a general employment of plaintiff as a broker to sell the property, but an unsuccessful attempt on the part of plaintiff to buy the property for Eickwort, the parties not agreeing upon the price, but Tappen promising to pay a commission if the particular sale then under negotiation should be consummated with Haskin's consent. No valid performance was shown. No *bona fide* purchaser on Haskin's terms was secured. At most it was a tentative affair, not an accomplished fact. (*Condict* v. *Cowdrey*, 139 N. Y. 273.) The exception to defendants' motion to direct a verdict for the defendants was well taken, and the motion for a new trial on the minutes should have been granted. Plaintiff, as matter of law upon the undisputed evidence, ought not to have recovered, and should have been nonsuited. (*Kaare* v. *T. S. & I. Co.*, 139 N. Y. 369; *Sickles* v. *Flanagan*, 79 id. 224.)

*C. Bainbridge Smith* for respondent. The broker earns his commission when he procures a person able and willing to purchase on his employer's terms. (*Stillman* v. *Mitchell*, 2 Robt. 523; *Barnard* v. *Mannot*, 3 Keyes, 203; 33 How. Pr. 440; *Levy* v. *Coogan*, 30 N. Y. S. R. 553; *Duclos* v. *Cunningham*, 102 N. Y. 678.) The ability of the person who is willing to buy will be presumed in the absence of evidence to the contrary. (*Hart* v. *Hoffman*, 44 How. Pr. 168.) The case does not contain a certificate that all the evidence is before the court, and in the absence of such a certificate the court will not review disputed questions of fact. (*Levi* v.

*Marshall*, 30 N. Y. S. R. 283; *Porter* v. *Penn*, 107 N. Y. 531.) The counsel for the defendants requested the court to charge the jury "that if the jury shall accept the testimony of Judge Tappen that no commissions should be paid until the deed actually passed that no verdict can be rendered for the plaintiff." This was properly refused. (*McGrath* v. *M. L. Ins. Co.*, 6 N. Y. S. R. 376; *Dolan* v. *D. & H. C. Co.*, 71 N. Y. 285.)

EARL, J.   Before a real estate broker can recover his compensation, he is bound to prove that he found a purchaser and produced him to his principal, ready and willing to purchase the real estate upon his terms. (Rapalje on Real Estate Bro. § 72; *Coleman* v. *Garrigues*, 18 Barb. 60; *Mortin* v. *Bliss*, 57 Hun, 159; *Wylie* v. *Marine Bank*, 61 N. Y. 416.)

It is contended on behalf of the defendants, that the plaintiff utterly failed to show that he produced any purchaser to the defendants, ready and willing to enter into contract with them. They were entitled to know who the proposed purchasers were, and with whom they were expected to enter into contract; and so long as there was uncertainty as to the purchasers, the plaintiff could not claim performance of his contract and demand his compensation.

Now, from the evidence furnished by the plaintiff, who can we say were the purchasers? It is impossible to say from his evidence. Although he furnished certain names to Haskin as the purchasers, yet when he came to furnish his bill of particulars he omitted one of those names and inserted another. The names of the members of the purchasing syndicate as given by Lewis differed materially from those given by the plaintiff, to Haskin at the time of the interview with him; and Lewis testified that the syndicate was not full; and, therefore, the persons who were to make the purchase were not then known. He was then forming a syndicate for the purchase of the property, and he got a portion of the persons he named together in his office, and each one of them consented to subscribe for one share. But it does not appear what proportion

of the property or of the purchase price constituted one share. The whole matter seems to have been incomplete, nebulous and uncertain. Neither the plaintiff nor Lewis knew who the purchasers were really to be, and they did not produce them to Haskin or name to him who they were. Before the syndicate of purchasers was fully formed the defendants sold the real estate to another person, and that ended their relations with the plaintiff. (*Sussdorff* v. *Schmidt,* 55 N. Y. 319; *Wylie* v. *Marine Natl. Bank,* 61 id. 415 ; *Sibbald* v. *Bethlehem Iron Co.,* 83 id. 378.)

Therefore, without examining other objections made to the plaintiff's recovery, we think he utterly failed to show that he had performed his contract, and hence he should have been nonsuited at the trial.

It is now claimed, however, that the motions for a dismissal of the complaint and for the direction of a verdict were ineffectual, and are not now available to the defendants because no grounds for the motions were stated. A motion to direct a verdict for the defendant is in substance a motion for a nonsuit, and must be governed by the same rules. (*Bissel* v. *Campbell,* 54 N. Y. 353.) It is undoubtedly the general rule that a motion for a nonsuit is ineffectual unless the grounds upon which it is based are specified. The defect in the plaintiff's case should be pointed out, so that he may supply it, if he can. (*Booth* v. *Bunce,* 31 N. Y. 246 ; *Binsse* v. *Wood,* 37 id. 526 ; *Thayer* v. *Marsh,* 75 id. 340; *Sterrett* v. *Third Natl. Bank of Buffalo,* 122 id. 659 ; *Quinlan* v. *Welch,* 141 id. 458.) So much is required by good faith and fair practice, and so much is due to the orderly administration of justice. But where no grounds are specified for a nonsuit, the motion is sufficient if it be apparent that the objection made to the plaintiff's recovery could not have been obviated if it had been particularly specified. To such a case the rule does not apply, as the plaintiff suffers no harm and is not misled because the grounds were not particularly brought to his attention or to the attention of the court. In a case like this, we think, the motion

to nonsuit without specifying grounds should be held effectual. The plaintiff was a witness on his own behalf, and we must assume that he gave all the evidence he could. He assumed to state the whole transaction between himself and Haskin, and we cannot assume that if the ground for a nonsuit now relied upon had been stated he could have changed his evidence. Lewis seems to have been the principal mover in forming the syndicate of purchasers, and he testified fully about that matter, and about the interview which took place with Haskin. He said that the syndicate was not complete; that really all the purchasers were not known and could not be known at the time of the only interview had with Haskin. It cannot be assumed that his evidence could have been fuller, more certain or more favorable to the plaintiff. We cannot, therefore, see how the plaintiff could honestly, fairly or truthfully have made any better case for a recovery if his attention had been called to the ground for a nonsuit now relied upon.

Therefore, as the plaintiff wholly failed to show performance of the contract on his part within the rules of law applicable to such a case, he should have been nonsuited; and the judgment must, therefore, be reversed, and a new trial granted, costs to abide event.

All concur.

Judgment reversed.