BAKER v. THOMAS.

(City Court of New York, General Term. January 12, 1895.)

FACTORS AND BROKERS—RIGHT TO COMMISSIONS.
   A real-estate agent is entitled to recover commissions where he finds a purchaser ready and willing to purchase on the owner's terms, though he was not personally present during the negotiations between the purchaser and the owner, nor when they were actually consummated.

Appeal from trial term.

Action by Frank S. Baker against James R. Thomas to recover commissions as a broker. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS and CONLAN, JJ.

Sidney H. Stuart, for appellant.
W. Manning Van Heusen, for respondent.

CONLAN, J.   This action was brought to recover commissions as broker on a sale of real estate.   The complaint alleges, and the answer admits, that one William H. Simonson was the authorized agent of the defendant in the matter of effecting a sale of certain real property of defendant, known and designated as "No. 52 West 105th Street," in the city of New York.   As such agent, authority to employ a broker may be presumed.   The evidence shows that the plaintiff was a real-estate broker, and that early in October, 1893, he received a communication in the following words:

New York, October 6th, 1893.

Dear Sir: We are in receipt of yours of the 5th, inclosing check for $217.91. The price for 50 and 52 West 105th street is $27,000 for the single house, mortgage $15,000, at 5%; double house, $40,000, mortgage $30,000, at 5%. We will entertain exchange for the property, but there must be cash with any trade we may make. If you have an offer, let us know.

Yours, truly,                                T. H. Simonson & Son.

It further appeared that about one week after the receipt of said communication, at the instance of the plaintiff, W. H. Simonson and one Mr. Flahive (who subsequently became the purchaser of the premises in question) met at the office of the plaintiff, where the price and terms of sale were talked over generally, but no agreement was reached.   The plaintiff testifies to a second meeting about a week later at his office, where Simonson offered the property for $38,000; that Flahive said he would consider the offer, and let the plaintiff or Simonson know.   The testimony as to the second meeting and what took place is denied by Simonson and Flahive.   It also appears that, in the latter part of December following, Flahive purchased the property in question, at the same price and on the same terms offered by Simonson in the office of the plaintiff.   At the time of the purchase, Flahive had not reported to the plaintiff his acceptance or rejection of the offer submitted, nor had plaintiff's agency been revoked or terminated by Simonson.

The rule is that, before a broker can recover his commissions, he is bound to prove that he found a purchaser, and produced him to his principal, ready and willing to purchase the real estate upon his terms.   Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601.   The broker need not be personally present during the negotiations, nor when they are actually concluded.   He may just as effectually produce and create the agreement, though absent when it was completed, and taking no part in its final details.   Glentworth v. Luther, 21 Barb. 147, approved in 83 N. Y. 382.   The fact, therefore, that the bargain was concluded between the same parties and on the same terms as originally proposed in the office of the plaintiff, which brought them together, and within about 60 days from the introduction, was for the jury, as bearing directly upon the question of performance by plaintiff as broker, within the rules laid down.   The trial judge submitted two questions to the jury:   First, employment of the plaintiff; and, secondly, whether the plaintiff was instrumental in bringing the minds of the parties together on a bargain.   The jury found for the plaintiff, and we think there is sufficient evidence to sustain the verdict.   No errors of law were committed on the trial.   The judgment should be affirmed.