(13 App. Div. 118.)

### CRANDALL v. PHILLIPS.

(Supreme Court, Appellate Division, Second Department. January 19, 1897.)

BROKERS—PROCURING LOAN—EVIDENCE.

　　A verdict for plaintiff will be set aside as against the weight of evidence where, on an issue whether defendant agreed to pay 6 per cent interest for a loan, so as to render him liable to plaintiff for procuring a person ready to make a loan at that rate, defendant testified that he did not agree to pay 6 per cent., and his testimony was contradicted only by the agent through whom the loan was to be made, who testified to a conversation with defendant about the loan, and said that the rate of interest was to be 6 per cent., but stated no conversation to that effect, and testified that he wrote defendant the next day that he would make the loan at 6 per cent.; that defendant at once refused, because the interest was too high, and that he told plaintiff that defendant refused the loan when the question of interest was broached, since it is apparent that the statement that 6 per cent. was to be paid was merely an inference by the witness.

Appeal from trial term, Kings county.

Action by Harlan Crandall against John B. Phillips to recover a commission for procuring a person willing to make a loan to defendant on certain property. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

　　Harlan Crandall, plaintiff, testified that defendant's partner, one Ferguson, asked him to get a loan for defendant on certain property; that he found a person willing to make the loan, and referred defendant to him; that nothing was said in his talk with Ferguson about the rate of interest; that he told Ferguson that he had obtained some loans from one Church ·at 5 per cent. Ferguson testified to

the same effect as to his conversation with plaintiff. Sidney V. Lowell, the loan agent to whom plaintiff referred defendant, testified that plaintiff called on him, and said that he wanted to make a loan at 5 per cent. to take up a 6 per cent. loan, which he had on the land; that he asked defendant if he was crazy to think that he could get a loan at 5 per cent. for more than he was paying 6 per cent. for. "The interest point was passed, and we came down to what he would pay me. I asked him $200 for drawing the title, and so on, and he wrestled with me a good deal. I think I came down to $100. Six per cent. was the amount of interest he was to pay. After we had talked for three-quarters of an hour he says, 'I would like to have got it at 5 per cent.,' and I says, 'You have got the fees down to suit you.' He says, 'Yes, that is all right.' * * * He said he would like to have the agreement in writing to show Mr. Ferguson what he had done. I did that, and mailed a note as he requested." The note sent read, "I will take your $15,000 application for loan * * * at statutory interest, 6 per cent., and stated commission," etc. Defendant wrote in answer the next day, "I regret to say the interest is too high, * * * so I am compelled to decline your offer." Cross-examined, Mr. Lowell testified that he met plaintiff later, and "I told him Mr. Phillips had refused it [the loan] when question of interest was broached." John B. Phillips, defendant, testified that his partner told him that plaintiff would make the loan at 5 per cent.; that he went to plaintiff's office; that plaintiff was out; that plaintiff's assistant took him to Lowell; that after a little talk about the property Lowell said his terms were 6 per cent. and $200; that he (defendant) said there must be some mistake, as he understood plaintiff was to get him the loan at 5 per cent.; that Lowell said he would see plaintiff; that he (defendant) said he had not time to wait, and that Lowell should send his terms in writing; that he received Lowell's letter, and answered it, refusing the offer. There was no other testimony in the case as to the rate of interest to be paid.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

B. P. Stratton, for appellant.
A. F. Van Thun, Jr., for respondent.

WILLARD BARTLETT, J. This is an action by a real-estate broker to recover compensation for having procured a party who was ready and willing to make to the defendant a loan which he desired upon certain real property situated in the city of Brooklyn. The defendant denies his liability upon the ground that he desired the loan at the rate of 5 per cent., while the only loan offered to him by the plaintiff, or at his instance, was at the rate of 6 per cent., which he never contemplated, and which he refused to accept. The proof leaves no doubt that the loan sought by the defendant was a loan at the rate of 5 per cent. The plaintiff endeavored to show by the testimony of Mr. Sidney V. Lowell, that the defendant subsequently changed his mind, and consented to pay a higher rate of interest. But, in our opinion, the evidence in the record before us does not justify this conclusion. Mr. Lowell nowhere states that the defendant ever offered to pay more than 5 per cent. interest on the proposed loan. He does say in one place that "six per cent. was the amount of interest he was to pay," but it is plain that this was merely his own mental inference, in view of his subsequent admission, on cross-examination, that he told the plaintiff, when he met him afterwards, that the defendant had refused the loan when the question of interest was broached; or, in other words, when the defendant ascertained that 6 per cent., instead of 5 per cent., was demanded. It seems clear to us, upon the whole proof, that if there was any em-

ployment of the plaintiff by the defendant, it was an employment to procure a loan at 5 per cent.; that there is no evidence sufficient to warrant a finding that the defendant ever agreed to pay a larger rate of interest; and that the plaintiff never procured any one who was ready and willing to make the desired loan at less than 6 per cent. It follows that the claim of the plaintiff must fail. To recover his brokerage, he was bound to prove that he had found some one who would make the proposed loan at the rate which his principal had originally specified, or had subsequently expressed his willingness to pay. Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601. This he did not do. In our opinion, the verdict is so directly against the evidence on this point as to require us to set it aside, and grant a new trial.

Judgment reversed, and new trial granted, with costs to abide the event. All concur.