HAMILTON v. GILLENDER.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

REAL-ESTATE AGENT—RIGHT TO COMMISSION.

　　The broker of A., an owner of real property, wrote on his behalf to the supposed owner of other property, suggesting an exchange; and the latter forwarded the letter to plaintiff, also a broker, who merely forwarded it to defendant, the real owner, with a letter suggesting that defendant should call and see A.'s broker. 'Held, that plaintiff's part in the matter did not entitle him to commissions on an exchange thereafter effected, through A.'s broker, between A. and defendant.

Appeal from trial term.

Action by John C. L. Hamilton against Augusta T. Gillender to recover commissions earned as real-estate broker in making the sale or

exchange of property belonging to defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, IN-GRAHAM, and McLAUGHLIN, JJ.

Ezekiel Fixman, for appellant.
Alfred A. Cook, for respondent.

McLAUGHLIN, J. We think the judgment should be reversed. The record fails to disclose any evidence from which the jury could find that the plaintiff performed any service in bringing about a sale or exchange of the defendant's property, which legally entitled him to a commission. What he claims to have done is this: One Gardner, a real-estate broker, wrote a letter to one Roberts, whom he at the time supposed was the owner of the defendant's property, saying that he had city property which he would like to exchange for it. Roberts sent this letter to the plaintiff, who forwarded it to the defendant, with a letter suggesting that the defendant call and see Gardner. The defendant thereafter saw Gardner, and through an arrangement entered into with him, and for which Gardner received a commission, he exchanged his property for property owned by Bingham Bros. This is all the plaintiff did, and it requires the citation of no authorities to show that, under such circumstances, commissions were not earned. To entitle a broker to commissions, he must prove that he found a purchaser who was ready and willing to purchase upon terms satisfactory to his principal, and, by reason of his services, the buyer and seller were brought together. Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601. It is essential that the agreement as finally concluded should be procured or brought about by the broker. Baker v. Thomas (Com. Pl.) 33 N. Y. Supp. 614. In all actions of this character the plaintiff must establish by satisfactory evidence that he did something substantial; that he was the efficient and procuring cause of the sale. Sibbald v. Iron Co., 83 N. Y. 378; Colwell v. Tompkins (Sup.) 39 N. Y. Supp. 478. Here the plaintiff did not find a purchaser. He did not even bring about a meeting between the defendant and Bingham Bros. He never spoke to Bingham Bros. on the subject of a sale or exchange. Gardner was Bingham Bros.' broker, and, as such, he wrote the letter to Roberts; and it was through Gardner that the exchange was finally effected.

It follows, therefore, that the court erred in refusing to grant defendant's motion to dismiss the complaint, made at the close of the evidence; and for this error the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.