JOHN C. L. HAMILTON Respondent, *v.* AUGUSTUS T. GILLENDER, Appellant.

*Broker's commissions — when not earned.*

In an action brought by a real estate broker to recover commissions, evidence tending to show that, after another broker named Gardiner had written to one Roberts, whom he supposed to be the owner of the defendant's property, a letter proposing an exchange of properties, Roberts sent the letter to the plaintiff, who forwarded it to the defendant, with a suggestion that he had better see Gardiner, and that the defendant subsequently, through an arrangement with Gardiner, for which Gardiner received commissions, effected the exchange proposed, is insufficient to show that the plaintiff was the efficient and procuring cause of the exchange and, therefore, entitled to commissions upon it.

APPEAL by the defendant, Augustus T. Gillender, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of February, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of January, 1897, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover commissions alleged to have been earned by the plaintiff as a real estate broker in making a sale or exchange of property belonging to the defendant.

*Ezekiel Fixman*, for the appellant.

*Alfred A. Cook*, for the respondent.

MCLAUGHLIN, J. :

We think the judgment should be reversed. The record fails to disclose any evidence from which the jury could find that the plain-

tiff performed any service in bringing about a sale or exchange of the defendant's. property which legally entitled him to a commission. What he claims to have done is this : One Gardner, a real estate broker, wrote a letter to one Roberts, whom he at the time supposed was the owner of the defendant's property, saying that he had city property which he would like to exchange for it. Roberts sent this letter to the plaintiff, who forwarded it to the defendant with a letter suggesting that the defendant call and see Gardner. The defendant thereafter saw Gardner, and through an arrangement entered into with him, and for which Gardner received a commission, he exchanged his property for property owned by Bingham Brothers. This is all the plaintiff did, and it requires the citation of no authorities to show that, under such circumstances, commissions were not earned.

To entitle a broker to commissions he must prove that he found a purchaser who was ready and willing to purchase upon terms satisfactory to his principal, and that, by reason of his services, the buyer and seller were brought together. (*Gerding* v. *Haskin*, 141 N. Y. 514.) It is essential that the agreement, as finally concluded, should be procured or brought about by the broker. (*Baker* v. *Thomas*, 33 N. Y. Supp. 614.) In all actions of this character the plaintiff must establish, by satisfactory evidence, that he did something substantial ; that he was the efficient and procuring cause of the sale. (*Sibbald* v. *Bethlehem Iron Company*, 83 N. Y. 378 ; *Colwell* v. *Tompkins*, 39 N. Y. Supp. 478.) Here the plaintiff did not find a purchaser; he did not even bring about a meeting between the defendant and Bingham Brothers; he never spoke to Bingham Brothers on the subject of a sale or exchange. Gardner was Bingham Brothers' broker, and as such he wrote the letter to Roberts, and it was through Gardner that the exchange was finally effected.

It follows, therefore, that the court erred in refusing to grant defendant's motion to dismiss the complaint made at the close of the evidence, and for this error the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.