### MORTON v. PETIT.

(Supreme Court, Appellate Division, Second Department.  June 4, 1909.)

1. PLEADING (§ 11*)—OFFICE OF PLEADING.

It is the office of a pleading to allege the ultimate facts to be established, and not the evidence to establish them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

2. BROKERS (§ 82*)—COMMISSIONS—ACTIONS—COMPLAINT.

A complaint which alleges that defendant employed plaintiff to procure within a specified time "an acceptance of a certain application made by defendant for a loan," and that within the time plaintiff procured a third person "to accept said application," sufficiently alleges that defendant was notified of the acceptance, though it does not allege that the determination of the third person was communicated to defendant, which must be proved to justify a recovery.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 82.*]

Rich and Woodward, JJ., dissenting.

Appeal from Queens County Court.

Action by George V. Morton against Isabella B. Petit. From an interlocutory judgment sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Robert W. Bernard, for appellant.

Henry A. Sayer, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GAYNOR, J. The complaint is that the defendant employed the plaintiff "to procure within four days an acceptance of a certain application made by defendant for a loan of $650," and that within the said time the plaintiff "procured one George W. Short to accept said application." The contention is that this is insufficient for lack of an allegation that the defendant was notified by the plaintiff of such acceptance, and the court below so held. The complaint is not required to allege the evidence by which the acceptance is to be proved, but only the conclusion of fact that the application was accepted. There could be no acceptance excepting by notice in some way to the defendant, but it does not follow that such notice has to be alleged in the complaint. The method of acceptance is not a matter of pleading but of evidence. It is the office of a pleading to allege the ultimate facts to be established, and not the evidence or facts to establish them. The cases cited to uphold the decision below are not cases of pleading at all, but of evidence.

The judgment should be reversed.

BURR, J. I think that the construction of the complaint adopted by the court below was too narrow and technical. Undoubtedly, to maintain the action, it will be necessary for the plaintiff to prove, not only that he found a person able, ready, and willing to make the loan, but that the fact was communicated to the defendant. I think, however, that all this is included in the word "accept." To accept means to assent to. Webster's International Dictionary, title "Accept"; Century Dictionary, Id. An assent implies communication of the mental operation, not the concealment of it. A person does not accept an office when he forms the determination in his own mind to enter upon the discharge of its duties, but when he communicates that determination to the appointing power. That the word "accept" was so employed in this pleading is manifest. The complaint alleges the employment of the plaintiff to procure, within four days, an "acceptance" of defendant's application for a loan. It would hardly be contended that the word "acceptance" meant procuring some one who formed the determination in his mind that he would make the loan. It goes further than that. So the subsequent allegation that he did procure one George W. Short to "accept" the application carries with it the same meaning. If upon the trial plaintiff cannot prove that Short's determination was communicated to the defendant, then he has not proved an acceptance of the loan. For this reason I concur with Mr. Justice GAYNOR, and think the judgment should be reversed.

Interlocutory judgment of the County Court of Queens county reversed, with costs. JENKS, J., concurs.

RICH, J. I dissent. The complaint alleges that the defendant employed the plaintiff to procure, within four days, an acceptance of her application for a loan of $650, agreeing to pay him, if successful, a commission of $150; that within the time limited the "plaintiff procured one George W. Short to accept said application, and the said George W. Short was a person ready, willing, and able to make such

loan for the time and upon the terms and security hereinbefore alleged in paragraph second"; that no part of such commission had been paid, although demanded. The demurrer is based upon the ground that there is no allegation that the plaintiff ever communicated to or notified the defendant that he had procured a person ready, able, and willing to consummate the loan. The defendant was entitled to be advised of this fact, and until she was so informed, and given the opportunity to consummate the loan, the plaintiff was not entitled to commissions. Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601.

I think the case was properly disposed of at Special Term.

WOODWARD, J., concurs.