### McNAMARA v. GREGORY.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

Appeal from Trial Term.

Action by Catherine E. McNamara against William M. Gregory, trustee in bankruptcy of the estate of Charles J. Knapp and others. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

E. D. Cumming, for appellant.
Edward K. Clark, for respondent

PER CURIAM. Judgment and order affirmed, with costs.

SMITH, P. J. (dissenting). The respondent testified that one Mc-Tighe had made her an offer of $13,000 for this property on March 18th, that she informed appellant of this offer on the morning of the 19th, and was then told by him that he had already sold the property. McTighe testified that he made the respondent the offer of $13,000 on the evening of the 17th. Appellant testified that on the evening of the 18th he contracted to sell the property to one Ward for $12,000. He also testified that he called up McTighe on the telephone that same evening and had a conversation with him, but he was not allowed to give this conversation. Appellant was further asked by his counsel as to whether at this time he told McTighe that he had an offer of $12,000 for the property, and that he was going to sell it if McTighe "wouldn't raise it," and that McTighe thereupon told him "to let it go." The questions were objected to by counsel for respondent upon the ground that the answers sought were incompetent, inadmissible, and hearsay, and they were excluded over appellant's exceptions by the learned trial court apparently upon the ground of hearsay.

The foundation of respondent's case is her claim that she had a willing and able purchaser for this property for the sum of $13,000 on the morning of the 19th in the person of McTighe. "Before a real estate broker can recover his compensation, he is bound to prove that he found a purchaser, and produced him to his principal, ready and willing to purchase the real estate upon his terms." Gerding v. Haskin et al., 141 N. Y. 514, 36 N. E. 601. The evidence sought to be introduced was clearly relevant as bearing directly upon McTighe's state of mind at a time immediately subsequent to his alleged offer and prior to the communication of such offer to appellant. In defining "relevant evidence" in Stephen's Digest Law of Evidence (3d Ed.) p. 4, it is said:

"The word 'relevant' means that any two facts to which it is applied are so related to each other that according to the common course of events one taken by itself or in connection with other facts proves or renders probable the past, present, or future existence or nonexistence of the other."

No matter what may have been the general talk between respondent and McTighe concerning this property, it was incumbent upon her to prove in this action that he was "ready and willing" to purchase at the price named. Consequently any declarations of his in any way evidencing his mental state of willingness or the lack of it, as that he refused to raise an offer of $12,000, when he was told that the property was being sold for such a sum, are directly relevant to the issue, and so admissible.

Nor does the evidence excluded fall within the prohibition of the rule against hearsay. The sole value of this evidence was to show McTighe's mental attitude regarding the purchase of this property at this time, which attitude was a fact closely connected with and having a logical bearing upon the broader fact in issue as to whether respondent had actually secured a willing purchaser. Just what a person's state of mind may be at a particular time and upon a particular subject is a question of fact, and so may be proved by what

is often the best, and even the only, kind of evidence available; that is, statements of the person himself which tend to disclose his mental attitude. Nor does such evidence become inadmissible by reason of the fact that it may indirectly tend to impeach a witness by establishing an inconsistency or self-contradiction upon his part. The evidence could have been equally admissible if he had not been sworn as a witness.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event.