### SCHMIDT v. UNGRICH.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

BROKERS (§ 73*)—COMMISSIONS—WORK.

> Where several brokers were employed to sell or exchange real estate on a contract for 1 per cent. commission, only the broker whose services were the procuring cause of the sale earned the commission, and he was entitled to the full amount thereof.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 59–61; Dec. Dig. § 73.*]

Appeal from City Court of New York, Trial Term.

Action by Charles V. Schmidt, Jr., against Martin Ungrich. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Thomas J. Brady, of New York City (Nathan D. Levy, and Morris A. Vogel, both of New York City, of counsel), for appellant.

William B. Dressler, of New York City, for respondent.

GUY, J.   The action was brought to recover broker's commissions at the rate of 1 per cent. upon a sale or exchange of real property, as well as of a mortgage thereon, for the amount of $136,000.   The answer denied that plaintiff was the procuring cause of the sale. There was proof of an employment, and a sale, as well as of the activities of other brokers.   The evidence as to who was the procuring cause of the sale was conflicting.

The court properly charged that plaintiff was entitled either to a full commission of 1 per cent. or to nothing.   No other issue is raised by the pleadings, and plaintiff does not support his recovery on any other theory.   But the court nowhere charged the jury that plaintiff could not recover unless he was the procuring cause of the sale, and it refused to charge that plaintiff must show that it was his services that induced the sale.   Defendant excepted.   The court also charged that the jury need not concern themselves with what a broker is compelled to do in order to earn his commissions.   Defendant excepted.   Unless a real estate broker is the procuring cause of sale, he earns no commission thereon.   Phinney v. Chesebro, 87 App. Div. 409, 412, 84 N. Y. Supp. 449; Hamilton v. Gillender, 26 App. Div. 156, 157, 49 N. Y. Supp. 663.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.