(160 App. Div. 740)

## OCHS v. WOODS.

(Supreme Court, Appellate Division, First Department.  February 20, 1914.)

FRAUD (§ 59*)—ACTIONS—DAMAGES SUSTAINED.

Plaintiff was employed by defendant to procure a tenant for a theater, and was to receive as commissions a certain percentage of an excess of rental paid over $15,000 a year, and, upon procuring a tenant, was informed by defendant that another was the owner of the theater and then fraudulently represented, as alleged, that the owner was solvent. Plaintiff, when informed as to the true owner, refused to disclose to defendant the name of his prospective tenant, and proceeded to make a contract with the owner to procure a tenant, and, upon the owner's failure to pay him commission provided, sued defendant for damages for fraudulently representing to plaintiff that the owner was solvent. *Held*, that since plaintiff had never earned any commissions under his original contract with defendant when the alleged fraudulent representations were made, and there was no evidence that a lease would have been executed had such representations not been made, he could only recover from defendant nominal damages for defendant's alleged deceit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

Appeal from Trial Term, New York County.

Action by Lee A. Ochs against Albert H. Woods. From a judgment for plaintiff and order denying a motion for new trial, defendant appeals. Reversed and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nathan Burkan, of New York City, for appellant.

Louis Frankel, of New York City (Milton M. Goldsmith, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action to recover damages for fraud and deceit. The alleged fraud and deceit consist in false representations with respect to the financial condition of the Brooklyn Court Theatre Company, whereby the plaintiff was induced to accept that company instead of the defendant as his principal under an employment to obtain a tenant for a term of years for the Court Theatre.

Plaintiff alleged that on or about the 16th day of February, 1911, he was employed by the defendant to procure a tenant for the Court Theatre at a rental of $15,000 per annum, $5,000 of which was to be payable in advance, and that plaintiff was to receive, as commissions

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for his services 62½ per cent. of any excess of rental paid by the tenant over $15,000 per annum; that he procured one Rosenquest, who was ready, able, and willing to perform, as a tenant at a rental of $19,-000 per annum; that on the 28th day of the same month, on notifying the defendant "that he was ready, able, and willing to carry out his portion of the agreement," he was informed by defendant that the Brooklyn Court Theatre Company, which defendant knowingly, falsely, and fraudulently represented, was a solvent corporation and able to perform the contract for commissions which the defendant had made with the plaintiff, was the owner of the lease, and that, relying thereon, plaintiff entered into a formal contract with said company to *procure* for it a tenant for the theater; that he procured Rosenquest as a tenant for the theater company, and it duly leased the theater to him at an annual rental of $19,000 for the period ending in the month of August, 1914; that the tenant paid the rental in accordance with the provisions of the lease, and the theater company paid the plaintiff the sum of $288.33 per month for the months of March, April, May, and June, 1911, being 62½ per cent. of the excess of rental over and above $15,000 per annum as specified in plaintiff's original employment from defendant and in the contract between him and the company; that plaintiff was obliged to bring an action against the theater company to recover the amounts due him· for the months of July and August, 1911, and that he recovered judgment therefor, which remains unsatisfied; that defendant was .examined in proceedings supplemental to execution on said judgment and admitted that the corporation was insolvent and without assets at and prior to the time plaintiff was induced to contract with it. Plaintiff demanded judgment for $10,000.

Upon the trial the plaintiff gave evidence tending to show his employment by the defendant as alleged; that he was not aware that the defendant was not the owner of the lease until after he had interested Rosenquest and the latter had manifested willingness to take a lease of the theater at $19,000 per annum, and otherwise according to the terms on which plaintiff was authorized to procure a tenant. His evidence, however, shows that he did not give the defendant the name of his customer, and expressly refused to do so, and before that fact was made known to the defendant, or to any one connected with the theater company, plaintiff was informed that the company was the owner of the lease, and he accepted it as his employer and entered into a formal contract in writing with it, by which it employed him to procure for it a tenant, and prescribed the terms and conditions upon which he was to receive commissions and the extent thereof. At the interview between the plaintiff and the defendant after the former had interested Rosenquest in the project, the plaintiff requested that the contract between him and the defendant be reduced to writing. It was in that connection that the plaintiff refused to disclose the name of his customer, and that the defendant stated that he was not the owner of the lease. It is quite clear, therefore, that the plaintiff had not earned his commissions under his employment from the defendant, for not only had the theater not been leased, but the defendant had been deprived of all knowledge with respect to the prospective tenant (Gerd-

ing v. Haskin, 141 N. Y. 514, 36 N. E. 601). As already observed, however, this action is not brought upon the theory of holding the defendant liable for the commissions, but with a view to holding him liable for the false representations with respect to the financial condition of the theater company, which the plaintiff accepted as his employer in place of the defendant. If the plaintiff had earned and become entitled to the commissions under his employment with the defendant, a different question with respect to his right to recover *substantial* damages for the false representations concerning the financial condition of the theater company would be presented. The plaintiff has recovered as his damages for the false representations the amount of the unpaid commissions. There is no basis in the evidence for the finding that the plaintiff sustained damages by the false and fraudulent representations in the amount of the commissions he was to receive from the theater company. The most favorable view of the evidence to the plaintiff is that, if it had not been for the false and fraudulent representations, he would not have entered into the contract with the theater company. But the difficulty with his case is that if he had not done so, there is no evidence that the theater would have been leased, or that he would have become entitled to commissions. For the false representations if the plaintiff believed and relied upon them to his prejudice, he would have a cause of action; but on the facts presented by this record he has only shown nominal damages, even if he relied on the representations.

The evidence fairly warrants a finding that the defendant knowingly and falsely represented to the plaintiff the financial condition of the theater company; but the plaintiff repeatedly testified that he had no confidence in the defendant, and would not believe or rely upon anything he said, and therefore the verdict cannot be sustained in so far as it is predicated on the other essential fact that the plaintiff relied upon the representations. In view of his testimony, to which reference has been made, we think he was not entitled to go to the jury for even nominal damages on the question as to whether he relied on the representations, and that the court erred in denying defendant's motion for a dismissal of the complaint.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs. All concur.