GEORGE MINK et al., Plaintiffs, *v.* CITY OF ALBANY, Defendant.

Supreme Court, Trial Term, Albany County, June 2, 1952.

*Russell G. Hunt, Corporation Counsel,* for defendant.

*Edward M. Segal* for plaintiffs.

TAYLOR, J. The trial has resulted in a disagreement of the jury. Decision was reserved on the defendant's motions which were made at the close of plaintiffs' case and at the end of the entire case.

There was no proof of compliance by the plaintiffs with section 50-e of the General Municipal Law. The plaintiffs urge that the admission in the defendant's answer obviated the necessity of such proof. The allegations in paragraph third of the complaint and realleged by reference in the female plaintiff's action are as follows: " That the plaintiff has complied with all of the conditions precedent to the bringing of this action and has complied with all of the conditions of Section 50e of the General Municipal Law and Section 244 of the Second Class Cities Law as amended in relation thereto, and in particular has served plaintiff's Notice of Claim for injuries and damages hereinafter mentioned on the Corporation Counsel of the defendant, on or about the 2nd day of October, 1950, and within sixty days after the claim herein sued upon arose. Said Notice of Claim was in writing and sworn to by the claimant herein, and was personally served upon the Corporation Counsel of the City of Albany, which said Notice of Claim set forth the name and address of said claimant and plaintiff's said attorney, the nature of the claim, time when, place where, and manner in which said claim arose; the items of damage or injuries claimed,

so far as was then practicable. The action was not commenced upon such claims until the expiration of three months after the service of said Notices and was commenced upon such claim within one year after such damages or injuries were sustained." The defendant's pleading is cast in these words: " denies the allegation contained in paragraph of the complaint numbered ' Third ' except that it admits that on October 2nd, 1950, a certain paper purporting to be a notice of claim was served upon the Corporation Counsel of the City of Albany ". That denial, I think, was sufficient to raise the issue of the sufficiency of the required notices of claim.

The plaintiffs contend further that the defendant's motion made at the conclusion of their evidence for a nonsuit and dismissal of the complaint because of their failure to prove service of adequate notices of claim was ineffectual in that it failed to specify that defect in the plaintiffs' proof. The motion was as follows: " Mr. Hunt. The defendant moves to dismiss the Complaint and for a nonsuit upon the grounds that the plaintiff has failed to prove a cause of action, upon the ground that there has been a failure to comply with Section 244 of the Second Class Cities Law, and that no notice of the condition was given to the City, and that the plaintiff has failed to make a case."

It has long been the settled general rule that a motion for a nonsuit or a directed verdict must point out specifically the grounds upon which it is based. (*Gerding* v. *Haskin,* 141 N. Y. 514; *Bissel* v. *Campbell,* 54 N. Y. 353; *Booth* v. *Bunce,* 31 N. Y. 246.) Particularly is the rule applicable where the defect is one of formal proof. (*Ramsey* v. *Miller,* 202 N. Y. 72.) The purpose is, of course, to permit a plaintiff to supply the defect if he can. " So much is required by good faith and fair practice, and so much is due to the orderly administration of justice." (*Gerding* v. *Haskin, supra,* p. 520.)

After the jury had reported its disagreement and had been discharged, the minutes of the trial show that the following took place: " Mr. Hunt: Now, if your Honor pleases, you have reserved decision on the motions by the City for dismissal of the Complaint and for nonsuit upon the grounds that the plaintiff has not produced facts sufficient to constitute a cause of action. I have also made reference to the failure of notice under Section 244 of the Second Class Cities Law. I renew the motions made heretofore and I add an additional ground, and that is that there has been a failure to prove the filing of a notice of claim in this case. The Court: That was required to be raised at the close of the plaintiffs' case, was it not? Mr.

Hunt: No, it was not, your Honor; not specifically. It was raised at the end of the plaintiffs' case by a general motion for dismissal and it was raised again at the end of the entire case on a motion for dismissal. I think, your Honor, that that has been adequately covered. The Court: I have the impression that you specifically must raise that in your motion. I may be wrong as to it. I will investigate it. Mr. Hunt: From our investigation of the law I think that we are on solid ground on the law. There has been a failure to prove the filing of the claim and that the motion made raises the entire question. There is no requirement upon us to specifically make mention of any part of the evidence or any failure of proof on the part of the plaintiff. We are not required to specify each failure of proof on the part of the plaintiff, but rather it is all embraced within the motion that was made and upon the specific ground that I mention now."

The defendant's position as stated in the colloquy above quoted makes it clear that the reference to section 244 of the Second Class Cities Law [superseded in its application to City of Albany by Local Laws, 1943, No. 2 of City of Albany, as amd. by Local Laws, 1947, No. 1 of City of Albany, with wording similar to Second Class Cities Law, § 244] contained in the motion made at the conclusion of the plaintiffs' cases pertained to the plaintiffs' failure to establish either actual or constructive notice of the defective condition of the public highway upon which the causes of action were predicated and not to any failure by the plaintiffs to prove compliance with section 50-e of the General Municipal Law. The defect in plaintiffs' formal proof was not specified as the practice requires. The motion and its renewal were therefore ineffectual to accomplish the purposes which are now claimed for them.

There was sufficient evidence of constructive notice to the city of the alleged defective condition to warrant the submission of that question to the jury.

The motions upon which decision was reserved at the trial are denied with an exception to the defendant and the cause is remanded to the Trial Term for disposition in its regular course.

Submit order.